194 Cal.App.3d 634 (1987)
239 Cal. Rptr. 746
THE PEOPLE, Plaintiff and Appellant,
v.
JESSE SALAZAR, Defendant and Respondent.
Docket No. G004717.
Court of Appeals of California, Fourth District, Division Three.
August 31, 1987.
*636 COUNSEL
Cecil Hicks, District Attorney, Michael R. Capizzi, Chief Assistant District Attorney, Brent F. Romney and Craig McKinnon, Deputy District Attorneys, for Plaintiff and Appellant.
Ronald Y. Butler, Public Defender, Frank Scanlon, Assistant Public Defender, Martin R. Kossak and Kevin J. Phillips, Deputy Public Defenders, for Defendant and Respondent.
OPINION
CROSBY, J.
When a court may sentence on but one of two offenses arising from the same course of conduct, must it select the one carrying the greater punishment? No.

I
As the result of a purse snatching incident involving a single victim on July 7, 1986, Jesse Salazar pleaded guilty to assault with force likely to produce great bodily injury and robbery and admitted a prior felony conviction. Penal Code section 654 prohibited punishment for both crimes, and the court elected to sentence Salazar to the midterm of three years on the felony assault conviction.[1] It failed to impose any term for the robbery and the prior conviction.
Although the crimes of felony assault and robbery carry the same three-year midterm, the robbery offense would have required the mandatory imposition of a five-year enhancement for the prior robbery (Pen. Code, § 667, subd. (a)).[2] The same is not true of felonious assault which is not on the list of serious crimes described in Penal Code section 1192.7, subdivision *637 (c), however. (1) (See fn. 3) Consequently, for purposes of this opinion we will treat robbery as the greater charge and felonious assault as the lesser.[3]
(2a) The district attorney contends the trial court had no discretion under Penal Code section 654 to select the crime carrying the lesser punishment.[4] We disagree and, as modified, affirm the judgment.

II
The great majority of appellate courts to have considered the issue have upheld trial court discretion to sentence on the lesser offense (see fn. 3, ante). (E.g. People v. Wesley (1970) 10 Cal. App.3d 902 [89 Cal. Rptr. 377] and its progeny: People v. Barela (1983) 145 Cal. App.3d 152 [193 Cal. Rptr. 257]; People v. Avila (1982) 138 Cal. App.3d 873 [188 Cal. Rptr. 754]; People v. Bradley (1981) 115 Cal. App.3d 744 [171 Cal. Rptr. 487]; People v. Mendevil (1978) 81 Cal. App.3d 84 [146 Cal. Rptr. 65]; see also Overland, The Complete Sentencing Handbook (1986) part I, ch. XIII, p. 32.) The prosecution's primary authority for its position, People v. Superior Court (Himmelsbach) (1986) 186 Cal. App.3d 524 [230 Cal. Rptr. 890], stands as a solitary beacon in this area; but it beckons trial courts to a false harbor.
Himmelsbach recognized that the Supreme Court "has not spelled out the reasoning for subjecting a defendant to the more seriously punishable offense." (Id., at p. 539.) Nevertheless, that appellate panel concluded, "The California Supreme Court has stated that a defendant convicted of multiple offenses arising from an indivisible course of conduct must be punished for the more seriously punishable offense. (People v. Knowles (1950) 35 Cal.2d 175, 188-189 [217 P.2d 1]; People v. Logan (1953) 41 Cal.2d 279, 290-291 [260 P.2d 20]; People v. Chessman (1959) 52 Cal.2d 467, 496 [341 P.2d 679]; Neal v. State of California (1960) 55 Cal.2d 11, 20 [9 Cal Rptr. 607, 357 P.2d 839]; People v. McFarland (1962) 58 Cal.2d 748, 762 [26 Cal. Rptr. 473, 376 P.2d 449].) In more than one instance, the Supreme Court has directed a trial court upon remand to sentence a defendant for the more serious of two offenses arising from an indivisible course of conduct if the *638 defendant is reconvicted of both. (See, e.g., People v. Ridley (1965) 63 Cal.2d 671, 678 [47 Cal. Rptr. 796, 408 P.2d 124]; People v. Quinn (1964) 61 Cal.2d 551, 556 [39 Cal. Rptr. 393, 393 P.2d 705].)" (Ibid.)
But in three of the cited opinions (Knowles, Logan, and Neal), the Supreme Court merely reversed the conviction on the lesser offense and affirmed the conviction and judgment on the greater. Since the trial courts in each case had already elected to impose judgment on the greater offense, with a concurrent sentence on the lesser, those decisions do not support the Himmelsbach conclusion that sentencing on the offense carrying the higher term was required.
Defendants in Ridley and Quinn had been convicted of multiple offenses and given concurrent sentences on each. Convictions on all offenses were reversed. As the defendants faced the possibility of being convicted of the same crimes on retrial, the Supreme Court simply noted Penal Code section 654 would bar multiple punishments and at most the defendants could be required to serve a single sentence for the more serious offense. Each of these Supreme Court cases stands only for the proposition that a court may not punish for a lesser offense arising out of the same course of conduct where the defendant is sentenced on the greater; and if that occurs, the judgment on the lesser will not be allowed to stand.
Multiple convictions in Chessman and McFarland were affirmed, and the court observed that "only one  the more serious offense  will be punished. [Citations.]" (People v. Chessman, supra, 52 Cal.2d at p. 496; see also People v. McFarland, supra, 58 Cal.2d at p. 763.) But in both those cases, the defendants had also been ordered to serve concurrent sentences for the multiple offenses. When the court determined multiple punishments were precluded by Penal Code section 654, it simply reversed the judgment as to the offenses with the less serious sentences. Neither case involved the situation before us in which a trial judge selected the lesser offense.
In People v. Hood (1969) 1 Cal.3d 444 [82 Cal. Rptr. 618, 462 P.2d 370], however, the Supreme Court did have occasion to consider a Penal Code section 654 stay of the more serious offense. There the defendant was convicted of assault with a deadly weapon on a peace officer and attempted murder of the officer. The trial court stayed execution of sentence on the latter offense, although it carried a more severe penalty than the assault conviction. The Supreme Court reversed for other reasons, specifically noting, however, that the defendant could not be required to serve a sentence for attempted murder should he be convicted of both offenses on retrial. (Id., at p. 459.)
*639 A well reasoned analysis of the issue is found in People v. Bradley, supra, 115 Cal. App.3d 744. There, a defendant challenged his sentence on the greater offense, arguing the trial court erroneously believed "it was without the authority to stay the more serious sentence pending completion of one of the lesser sentences." (Id., at p. 752.) (3) The court distinguished the Chessman and McFarland line of cases as follows: "Where section 654 precludes multiple punishment and the trial court erroneously sentences on all counts, the appellate court must stay the effect of the lesser offense(s) in order to comply with section 654 while permitting execution of the greater offense consistent with the intent of the sentencing court. Under such circumstances, the appellate court can logically presume that where the trial court sentences on all counts, the court meant to impose sentence at least on the most serious. [Citations.] The procedure used by the appellate court, however, does not answer the question of whether, in the first instance, the sentencing court must always impose the sentence for the most onerous offense." (Id., at p. 753, italics added.) Citing Hood, the court concluded trial courts retain the discretion to impose a lesser term and stay execution of a greater.
(2b) The plain language of Penal Code section 654 itself supports this view: An act punishable under different provisions of the Penal Code "may be punished under either of such provisions." (Italics added.) Moreover, discretion to sentence on the greater or lesser crime is vital to a trial court's proper exercise of its sentencing mandates: "[A] sentencing judge is required to base his decision on the statutory and rule criteria... and not on his subjective feeling about whether the sentence thus arrived at seems too long, too short, or just right." (People v. Swanson (1983) 140 Cal. App.3d 571, 574 [189 Cal. Rptr. 547], italics in original.) The analysis should be the same when the court is faced with a sentencing choice under Penal Code section 654. The court should impose sentence on the offense which is most appropriate for the defendant's conduct and not simply the one carrying the greatest penalty. Only in this way will a defendant's punishment "be commensurate with his culpability" and the purpose of Penal Code section 654 fulfilled. (People v. Perez, supra, 23 Cal.3d at p. 551.)
Here, Salazar repeatedly struck the victim and pushed her to the ground; and the court characterized his conduct as primarily an assault: "[T]his was an attempted purse snatch in which Mr. Salazar very wrongfully and unfortunately assaulted the victim with his hands...." The court accordingly "felt that a sentence on [the assault count] would be more appropriate and consistent with the factual situation." This conclusion is amply supported by the record, and we find no abuse of discretion in the court's selection.[5]

*640 III
(4) One final issue requires resolution. The court entirely failed to pronounce sentence on the robbery count and the accompanying enhancement. Even though Penal Code section 654 prohibits Salazar from serving sentences for both offenses, the court was required to impose judgment on each and then stay execution of one, the stay to "become permanent upon the defendant's service of the portion of the sentence not stayed." (Cal. Rules of Court, rule 449; see also People v. Eberhardt (1986) 186 Cal. App.3d 1112, 1121-1124 [231 Cal. Rptr. 387].) This procedure ensures that the defendant will not receive "a windfall of freedom from penal sanction" if the conviction on which the sentence has not been stayed is overturned. (People v. Avila, supra, 138 Cal. App.3d at p. 879.)
Accordingly, the abstract of judgment is ordered modified to reflect imposition of the midterm sentence of three years on the robbery count with a consecutive five-year term for the prior felony conviction. That sentence is stayed, however, pursuant to Penal Code section 654, the stay to become permanent upon Salazar's completion of the term imposed on the assault conviction.[6] In all other respects, the judgment is affirmed.
Wallin, Acting P.J., and Smallwood, J.,[*] concurred.
NOTES
[1] Penal Code section 654 provides, "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."
[2] Effective May 6, 1986, pursuant to emergency legislation, Penal Code sections 667 and 1385 were amended to abolish trial court authority under Penal Code section 1385 "to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under [Penal Code section] 667." (Pen. Code, § 1385, subd. (b).) The amendments were intended to abrogate the contrary holding of People v. Fritz (1985) 40 Cal.3d 227.[219 Cal. Rptr. 460, 707 P.2d 833]. Thus, imposition of the five-year enhancement was mandatory if the court was required to sentence on the robbery charge.
[3] We do not use the term "lesser" here to denote a lesser included offense, only to reflect the potential punishment involved. Felonious assault is specifically not a lesser included offense of robbery. (People v. Wolcott (1983) 34 Cal.3d 92, 98 [192 Cal. Rptr. 748, 665 P.2d 520]; People v. Vorbach (1984) 151 Cal. App.3d 425, 430 [198 Cal. Rptr. 712].)
[4] The district attorney's appeal is permissible under Penal Code section 1238, subdivisions (a)(5) and (a)(6). The failure to impose sentence is appealable as a reduction of the punishment. (Pen. Code, § 1238, subd. (a)(6); see also Appeals and Writs in Criminal Cases (Cont.Ed.Bar 1982) § 1.48, p. 62.) Penal Code section 1238, subdivision (a)(5) authorizes the prosecution to challenge the trial court's application of Penal Code section 654's bar against multiple punishment. (People v. Perez (1979) 23 Cal.3d 545, 549, fn. 2 [153 Cal. Rptr. 40, 591 P.2d 63].)
[5] It might appear that this defendant enjoys an ironic and unintended benefit simply because the district attorney elected to charge two offenses here, where he might just as well have filed only the robbery allegation. Since a defendant in appropriate circumstances is entitled to be convicted of an uncharged lesser related offense and, or instead of, a charged greater crime, the anomaly is not as great as it first seems. (People v. Geiger (1984) 35 Cal.3d 510 [199 Cal. Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055].)
[6] The sentence on the enhancement has no life independent of the robbery count and must also be stayed. (People v. Guilford (1984) 151 Cal. App.3d 406, 411 [198 Cal. Rptr. 700].)
[*] Assigned by the Chairperson of the Judicial Council.