[No. F009754. Fifth Dist. Apr. 20, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT DANIEL THOMPSON, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Statement of the Facts and parts I through IV.

COUNSEL

Joseph D. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Roger E. Venturi, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

BAXTER, J.—

### STATEMENT OF THE CASE

An amended information charged appellant Robert Daniel Thompson with the following felonies: count I, kidnapping (Pen. Code, § 207, subd. (a)); count II, assault with intent to commit rape (Pen. Code, § 220); and count III, assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)). Appellant was also charged with the following enhancements for all three counts: using a deadly weapon during the commission of said offenses (Pen. Code, § 12022, subd. (b)), and previously having been convicted of rape, a serious felony (Pen. Code, § 667, subd. (a)).

Appellant's motion for change of venue was denied. He pled not guilty to all counts and denied the enhancements.

A jury trial was conducted and appellant was found guilty of all three counts. As to the first enhancement, the jury found that appellant personally used a deadly weapon for counts I and III. The court declared a mistrial as to the deadly weapon enhancement charged for count II. Appellant admitted the prior rape conviction underlying the second enhancement for counts I, II, and III.

The court sentenced appellant to the upper term of eight years in state prison for count I, kidnapping, imposed a one-year enhancement for use of

a deadly weapon, and imposed a five-year enhancement for the prior rape conviction. Appellant's total sentence was 14 years. The court stayed the imposition of sentence on counts II and III.

Appellant filed a timely notice of appeal.

STATEMENT OF THE FACTS*

. . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I-IV*

. . . . . . . . . . . . . . . . . . . . . . .

V.

*Does the Trial Court Have Discretion When Imposing Sentence Under Penal Code Section 654?*

 Appellant claims the sentencing court failed to exercise the discretion permissible under Penal Code section 654 when it sentenced appellant to the most serious offense (kidnapping) and stayed the imposition of sentence on the less serious offenses (assault with intent to commit rape and assault with a deadly weapon).

During the sentencing hearing, appellant's counsel argued that the convictions on the three counts were based on the same course of events and that imposition of sentence on all the counts is barred by Penal Code section 654. The prosecutor agreed that section 654 would control the sentence determination under the circumstances. The court inquired, "Am I not obligated to take the—as the principal crime with the maximum period of confinement, . . . ?" Appellant's counsel agreed that the court was so obligated.[1]

In imposing sentence on the most serious offense of kidnapping *and* selecting the upper term, the court reasoned: "The Court finds there are no

---

*See footnote, *ante,* page 1075.

[1] Errors in the applicability of section 654 are corrected on appeal regardless of whether the point was raised by objection in the trial court or assigned as error on appeal. (*People* v. *Perez* (1979) 23 Cal.3d 545, 549-550, fn. 3 [153 Cal.Rptr. 40, 591 P.2d 63]; *People* v. *Miller* (1977) 18 Cal.3d 873, 887 [135 Cal.Rptr. 654, 558 P.2d 552].)

mitigating factors, and there are several aggravating factors. . . . [T]he Defendant's prior convictions are numerous, he was on parole when he committed this offense, and his prior performance on probation and parole has been unsatisfactory.

". . . I've considered probation, but I rejected it out of hand, in part, because of the facts of this particular case; that also to a large extent based upon your prior record as a juvenile; and as an adult.

"You've been committed to the Youth Authority at least on two occasions. You have served at least one and probably two terms in the state prison. . . . And for those reasons, there's no probation going to to [*sic* ] be given in your case."

Appellant relies on *People* v. *Salazar* (1987) 194 Cal.App.3d 634 [239 Cal.Rptr. 746] for the contention that the trial court had the discretion to sentence on any of the counts and was not required to impose sentence only on the most serious. Appellant contends that because the record reveals that the sentencing judge was unaware of this discretionary authority, the cause must be remanded for resentencing to allow the court to exercise its discretion to sentence on one of the less serious counts.

Respondent relies on *People* v. *Superior Court* (*Himmelsbach*) (1986) 186 Cal.App.3d 524 [230 Cal.Rptr. 890] (review den.), which holds that a defendant convicted of multiple offenses subject to section 654 must be sentenced on the most seriously punishable offense and that the trial court lacks discretion to do otherwise.

*Penal Code Section 654 and Multiple Punishment.*

Penal Code section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ." ■ Section 654 prohibits concurrent sentences for multiple convictions arising out of a single act or indivisible course of conduct. (*People* v. *Miller, supra,* 18 Cal.3d 873, 886.) "When a defendant suffers multiple convictions, sentencing for some of which is precluded by operation of section 654, an acceptable procedure is to sentence defendant for each count and stay execution of sentence on certain of the convictions to which section 654 is applicable. Such stay is to be effective pending the successful service of sentence for the more serious conviction, at which time the stay is to become permanent." (*People* v. *Miller, supra,* at p. 886; *People* v. *Wein* (1977) 69 Cal.App.3d 79, 94 [137 Cal.Rptr. 814].)

This practice has been carried over into the determinate sentence law by California Rules of Court, rule 449, which states in part: ". . . If required . . . by the limitations of section 654, the judgment shall stay execution of so much of the term, or on those crimes, for which the imposition of the full sentence is prohibited. The stay shall become permanent upon the defendant's service of the portion of the sentence not stayed." (See also *People* v. *Bond* (1981) 115 Cal.App.3d 918, 922 [172 Cal.Rptr. 4].)

■ Where section 654 precludes multiple punishment and the trial court erroneously fails to stay the terms subject to section 654, the appellate court must stay the sentence on the lesser offenses while permitting execution of the greater offense consistent with the intent of the sentencing court. "Under such circumstances, the appellate court can logically presume that where the trial court sentences on all counts, the court meant to impose sentence at least on the most serious." (*People* v. *Bradley* (1981) 115 Cal.App.3d 744, 753 [171 Cal.Rptr. 487]; *People* v. *Miller, supra,* 18 Cal.3d 873, 876; *People* v. *Green* (1979) 95 Cal.App.3d 991, 1008 [157 Cal.Rptr. 520].)

■ The question presented here is whether the trial court was obligated to select as the base term the most serious offense, or whether it had the discretion to stay any of the three counts. The language of section 654 and rule 449 fail to indicate whether such discretion is permitted or barred. While the cases of *People* v. *Salazar, supra,* 194 Cal.App.3d 634 and *People* v. *Superior Court* (*Himmelsbach*), *supra,* 186 Cal.App.3d 524 both cite impressive authority in support of their respective holdings, it is necessary to examine the main cases and the various authorities cited in support.

*The Court Has Sentencing Discretion: Salazar, Wesley, Hood, and Henderson.*

In *People* v. *Salazar, supra,* 194 Cal.App.3d 634, the defendant was convicted of robbery and felony assault. The robbery conviction carried the greater punishment. The court imposed sentence on the assault conviction and stayed the sentence for robbery. The district attorney argued that the trial court had no discretion under Penal Code section 654 to select the less serious crime. The Fourth District concluded that section 654 does not require the sentencing court to always impose the sentence for the most serious offense, and the judge retains the discretion to sentence on either the greater or lesser crime. (*Id.* at p. 639.) "The court should impose sentence on the offense which is most appropriate for the defendant's conduct and not simply the one carrying the greatest penalty. Only in this way will a defendant's punishment 'be commensurate with his culpability' and the purpose of Penal Code section 654 fulfilled. [Citation.]" (*People* v. *Salazar,*

*supra,* 194 Cal.App.3d 634, 639.) The court concluded that the sentencing court properly exercised its discretion under section 654 and rendered a sentence " 'appropriate and consistent with the factual situation' " of defendant's conviction. (*Id.* at p. 639.)

*Salazar* relied on *People* v. *Hood* (1969) 1 Cal.3d 444 [82 Cal.Rptr. 618, 462 P.2d 370] for its conclusion, and stated the following as the holding of *Hood*: "In [*Hood*], . . . the defendant was convicted of assault with a deadly weapon . . . and attempted murder . . . . The trial court stayed execution of sentence on the latter offense, although it carried a more severe penalty than the assault conviction. The Supreme Court reversed for other reasons, specifically noting, however, that the defendant could not be required to serve a sentence for attempted murder should he be convicted of both offenses on retrial. [Citation.]" (*People* v. *Salazar, supra,* 194 Cal.App.3d 634, 638.)

*Salazar* also relied on *People* v. *Wesley* (1970) 10 Cal.App.3d 902 [89 Cal.Rptr. 377], described as the "fountainhead" of the line of appellate cases which grant sentencing courts complete discretion under section 654 to sentence on either the more serious offense or the less serious offense. (*People* v. *Superior Court* (*Himmelsbach*), *supra,* 186 Cal.App.3d at p. 537.) *Wesley* relies entirely upon *Hood.* "[I]n order to preclude penalizing defendant for appealing, [*Hood*] ruled that upon retrial the trial court could not impose upon the defendant a maximum sentence greater than the 14 years which had previously been imposed upon him. [Citation.] *The Supreme Court thus appears to have sanctioned a trial court's imposition of the less severe among possible double punishments.*" (*People* v. *Wesley, supra,* 10 Cal.App.3d 902, 911-912, italics added.) *Wesley* then upheld the trial court's stay of the more serious sentence. (*Id.* at p. 912.)

*Salazar* also relied on *People* v. *Bradley, supra,* 115 Cal.App.3d 744. Defendant was sentenced to life imprisonment with possibility of parole for kidnapping for purposes of robbery, and the court stayed execution on the other counts (robbery by use of a firearm, ex-felon in possession of a firearm). The defendant claimed that the court erred in its assessment that it was without the authority to stay the most serious sentence pending completion of one of the lesser sentences. The appellate court noted that the proper procedure on appeal "does not answer the question of whether, in the first instance, the sentencing court must always impose the sentence for the most onerous offense." (*Id.* at p. 753.) It then relied on *Hood* to hold "[a]s a general rule, a court, in the exercise of its discretion, may impose the lesser offense while staying the greater; for unless otherwise directed, it is not required to punish a defendant with the most severe penalty." (*Ibid.*) This trial court, however, was limited in its discretion because Penal Code

section 1203.06 prevented probation or suspension of sentence and required a prison sentence, for kidnapping for robbery (Pen. Code, § 209): "[Defendant's] argument [of complete discretion], if accepted, would result in the following: Where a prosecutor elects to charge a defendant with a single crime, for example, kidnaping for robbery, and where instructions on lesser offenses are not proper, a conviction would require imposition of a life sentence with possibility of parole. If, however, the prosecutor charges multiple offenses, such as the case here, the ostensibly more culpable criminal obtains the benefit of judicial discretion which somehow gives the court the power to finesse the mandated prison sentence for the most serious offense, i.e., the kidnaping for robbery pending completion of one of the lesser sentences. We are unwilling to accept this illogical result which frustrates the clea r intent of the Legislature. We conclude the Legislature intended a trial court to be without the discretion to stay execution of a sentence for an offense enumerated in section 1203.06 pending completion of a lesser sentence." (*Id.* at pp. 753-754.)

Thus, *Wesley, Bradley* and *Salazar* are all based on their interpretations of *Hood.* In *People* v. *Hood, supra,* 1 Cal.3d 444, the court reversed convictions for assault with a deadly weapon and assault with intent to murder. The convictions constituted multiple offenses pursuant to section 654, and the defendant had been sentenced for assault with intent to murder which carried a lesser sentence (14 years) than assault with a deadly weapon (15 years). The Supreme Court ordered a retrial on other grounds and noted that if defendant had not appealed, his sentence would have been 14 years: "To preclude penalizing him for appealing, the court may not impose a maximum sentence of more than 14 years if on retrial he is again found guilty on count I or count III or both. *People* v. *Henderson* (1963) 60 Cal.2d 482, 495-497 . . . .)" (*People* v. *Hood, supra,* 1 Cal.3d 444, 459.)

The genesis of case authorities supporting discretion then is *People* v. *Henderson* (1963) 60 Cal.2d 482 [35 Cal.Rptr. 77, 386 P.2d 677], where the Supreme Court held that the California Constitution's guaranty against double jeopardy precluded imposition of the death sentence after reversal of the first judgment sentencing defendant to life in prison. The court prevented the imposition of a more serious sentence upon retrial. *Henderson* did not involve a sentence choice under Penal Code section 654. (*Id.* at pp. 495-497.) The rationale for its holding was succinctly stated: "A defendant's right of appeal from an erroneous judgment is unreasonably impaired when he is required to risk his life to invoke that right. Since the state has no interest in preserving erroneous judgments, it has no interest in foreclosing appeals therefrom by imposing unreasonable conditions on the right to appeal." (*Id.* at p. 497.)

*Wesley* used *Hood* and *Henderson* to reason that since on retrial the defendant cannot receive a greater sentence than originally imposed, the original sentencing court did not err when it sentenced on the less serious offense and stayed the sentence on the more serious offense. *Hood* and *Henderson* are based on the principle that once sentenced pursuant to section 654, the defendant cannot be resentenced on a more serious offense on retrial. *Henderson*'s chief goal was to eliminate an unreasonable obstacle facing a criminal defendant in deciding whether to appeal a conviction.[2] *Hood,* in effect, also reflected this view because it expressly stated that "[t]o preclude penalizing him for appealing, the court may not impose" a greater sentence on retrial than was originally imposed. (*People* v. *Hood, supra,* 1 Cal.3d at p. 459.)

*The Court Does Not Have Discretion: Himmelsbach, Knowles, Neal and McFarland.*

The opposite holding on this issue is reached by the Sixth District in *People* v. *Superior Court (Himmelsbach), supra,* 186 Cal.App.3d 524. *Himmelsbach* held that the trial court was obligated to sentence on the more serious offense and stay the sentence on the less serious offense, and lacked any discretion under Penal Code section 654 to do otherwise. It rejected the line of appellate decisions that permitted the trial court to exercise its discretion in imposing sentence subject to section 654. *Himmelsbach* begins its discussion by stating that *Wesley* "was wrongly decided." (*Id.* at p. 537.) It notes that *Wesley* relied entirely upon *Hood,* and *Hood* "invoked the rule that on remand, following a successful appeal . . . , a trial court cannot inflict a greater punishment than it had previously. [Citations.]" (*Id.* at p. 538.) It also noted that *Hood* relied on *Henderson* and its double jeopardy concerns, and discusses the *Henderson* decision. (*Ibid.*)

*Himmelsbach* explains that appellate courts have subsequently followed *Wesley* and *Hood* without analysis, and states that "[t]his line of cases conflicts with long standing construction of section 654. The California Supreme Court has stated that a defendant convicted of multiple offenses arising from an indivisible course of conduct must be punished for the more seriously punishable offense. [Citations.]" (186 Cal.App.3d at p. 539.) *Himmelsbach* lists the following cases in support of its holding: *People* v. *Knowles* (1950) 35 Cal.2d 175, 188-189 [217 P.2d 1]; *People* v. *Logan* (1953) 41 Cal.2d 279, 290-291 [260 P.2d 20]; *People* v. *Chessman* (1959) 52 Cal.2d 467, 496 [341 P.2d 679]; *Neal* v. *State of California* (1960) 55 Cal.2d 11, 20

---

[2] Since the decision in *Henderson,* however, the United States Supreme Court has stated that neither the federal Constitution's protection against double jeopardy nor the due process clause establish an absolute bar to a more severe sentence upon reconviction. (*North Carolina* v. *Pearce* (1969) 395 U.S. 711, 719-726 [23 L.Ed.2d 656, 666-670, 89 S.Ct. 2072].)

[9 Cal.Rptr. 607, 357 P.2d 839]; *People* v. *McFarland* (1962) 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449]; *People* v. *Ridley* (1965) 63 Cal.2d 671, 678 [47 Cal.Rptr. 796, 408 P.2d 124]; *People* v. *Quinn* (1964) 61 Cal.2d 551, 556 [39 Cal.Rptr. 393, 393 P.2d 705]. (186 Cal.App.3d at p. 539.)

On reviewing these cases cited by *Himmelsbach,* one cannot necessarily conclude that the Supreme Court has precluded the exercise of discretion by the *trial court* when confronted with a section 654 sentencing situation. *Logan* and *Chessman* rely entirely on *Knowles. Ridley* and *Quinn* cite to *McFarland,* which in turn relies entirely on *Neal.* Thus, this long line of citations ultimately comes down to *Neal* and *Knowles.*

In *Neal* v. *State of California, supra,* 55 Cal.2d 11, the trial court sentenced the defendant on convictions of arson and attempted murder. The imposition of sentences for both arson and attempted murder was barred by Penal Code section 654, and the Supreme Court held that the defendant "can only be punished for the more serious offense, which is attempted murder." (*Id.* at p. 20.) The key to *Neal* is that the trial court had sentenced on both counts without staying either. The Supreme Court merely stayed the sentence on the less serious offense in favor of the more serious offense. This is the proper procedure when a section 654 violation is addressed on appeal. Neal *does not* state a similar rule for the trial courts.

In *People* v. *Knowles, supra,* 35 Cal.2d 175, defendant was sentenced for both kidnapping and robbery. The Supreme Court determined that defendant's convictions were based on the commission of a single act, thus preventing punishment for both offenses under section 654. (*Id.* at pp. 186, 188.) "Since he committed only a single, indivisible act, Penal Code, section 654, requires that he be punished only once therefor. In view of the fact that the Legislature prescribed greater punishment for the violation of section 209 [kidnapping] it must be deemed to have considered that the more serious offense, and the convictions thereunder must be the ones affirmed. [Citations.]" (*Id.* at p. 189.) Thus, *Neal* and *Knowles* involve the situation presented on appeal after a trial court has sentenced a defendant on *both* the more serious and less serious offenses and stayed neither. If the sentences violate section 654, the appellate court must stay the imposition of sentence on the less serious offense, and the defendant serves the sentence on the more serious offense. *Himmelsbach* extends the holdings of *Neal* and *Knowles* to cases where there has not been a "double sentence" and extends its rule of no discretion to the trial court.

The only cases involving retrial are *People* v. *Quinn, supra,* 61 Cal.2d 551 and *People* v. *Ridley, supra,* 63 Cal.2d 671. In *Quinn,* defendant was sentenced for first degree robbery and possession of narcotics. The convictions

were reversed on other grounds, and the court noted that the sentences also violated Penal Code section 654: "[I]f on retrial defendant is convicted of both possession of narcotics and robbery, he may be sentenced only for first degree robbery, the more serious of the two offenses. (*People* v. *McFarland, supra,* 58 Cal.2d 748, 762-763.)" (*People* v. *Quinn, supra,* 61 Cal.2d 551, 556.)

Similar facts existed in *Ridley,* where the defendant was sentenced for first degree robbery and assault with a deadly weapon. Both convictions were reversed on other grounds, and the court again held: "[I]f upon retrial the same evidence is introduced . . . and Ridley is convicted of both offenses, he may be sentenced only for the first degree robbery, the more serious of the two offenses." (*People* v. *Ridley, supra,* 63 Cal.2d 671, 678.)

Both *Ridley* and *Quinn,* however, rely on *McFarland.* The citation to *McFarland,* however, states: "*With respect to the procedure to be followed on appeal* where double punishment has been erroneously imposed, it should be stressed that section 654 proscribes double punishment, not double conviction; conduct giving rise to more than one offense within the meaning of the statute may result in initial conviction of both crimes, only one of which, the more serious offense, may be punished." (*People* v. *McFarland, supra,* 58 Cal.2d 748, 762-763, italics added.)

This rather exhaustive trip through 30 years of citations was required to illustrate two things. First, the unequivocal statement in *Himmelsbach,* that the Supreme Court requires the trial court to sentence the defendant on the more serious offense, is *not* necessarily supported by *Knowles, Neal,* and *McFarland. Knowles, Neal* and *McFarland* merely recited the requisite procedure *on appeal* when Penal Code section 654 is violated by the sentencing court. Second, *Salazar*'s holding in favor of the trial court's discretionary authority under section 654 is also not firmly supported by the Supreme Court. *Salazar*'s reliance on *Hood,* however, seems more reasonable than *Himmelsbach*'s reliance on *Knowles* and *Neal. Hood* neither approved nor disapproved of the trial court's exercise of discretion but held that the defendant's sentence on retrial was restricted to the less serious offense to which he was already sentenced. *Wesley* carried this logic the next step: If the trial court had abused its discretion in *Hood,* the Supreme Court would not have placed such a limitation on the maximum sentence on retrial.

*Sentencing of Appellant.*

It is unnecessary in this case to choose between *Salazar* and *Himmelsbach.* Even if we assume that *People* v. *Salazar, supra,* 194 Cal.App.3d 634, controls and that the trial court was under the misapprehension that it

could sentence only on the most serious offense, it is clear from a review of the record that any such error was harmless. The trial court's comments at the time of sentencing and its decision to sentence appellant to the upper term for kidnapping leads us to conclude that "when the record clearly supports the sentencing decision, and there is no reasonable possibility that appellant's sentence would be reduced on remand, any error is harmless. 'We are unwilling to remand the case merely to require the trial court to adhere to a formal ritual, with the same result.' (*People* v. *Preyer* (1985) 164 Cal.App.3d 568, 577 . . . .)" (*People* v. *Fowler* (1989) 207 Cal.App.3d 794, 807-808 [255 Cal.Rptr. 103].)

### DISPOSITION

The judgment is affirmed.

Hamlin, Acting P. J., and Best, J., concurred.