Filed 6/20/13  P. v. Warr CA2/6
Reposted to correct index line; no change to text

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICQUAWN C. WARR,<br><br>    Defendant and Appellant. | 2d Crim. No. B240627<br>(Super. Ct. No. MA054155 & MA054636)<br>(Los Angeles County) |

This appeal involves two cases: MA054155 and MA054636.  In MA054155 a jury found Micquawn Warr (appellant) guilty of possession of marijuana for sale. (Health & Saf. Code, § 11359.)  The jury found true an "on bail" allegation.  (Pen. Code, § 12022.1.)  Appellant admitted one prior serious or violent felony conviction ("strike") within the meaning of California's "Three Strikes" law.  (*Id*., §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

In MA054636 a jury found appellant guilty on count 1, transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)), and on count 2, possession of marijuana for sale.  (*Id*., § 11359.)  The jury found true an "on bail" allegation and a prior strike allegation.

In MA054636 the trial court imposed the upper term of four years on count 1, transportation of marijuana, doubled to eight years because of the strike, plus two

1

years for the "on bail" allegation. On count 2, possession of marijuana for sale, the court imposed a concurrent sentence of the middle term of two years, doubled to four years because of the strike. The total prison sentence for MA054636 is 10 years.

In MA054155 the trial court imposed a consecutive sentence of eight months (one-third the middle term of two years), doubled to one year, four months because of the strike. The court struck the "on bail" allegation. Thus, the aggregate sentence for both cases is 11 years, 4 months.

Appellant's sole contention on appeal concerns MA054636. He argues that, pursuant to Penal Code section 654 (section 654), the trial court should have stayed execution of the four-year sentence imposed on count 2, possession of marijuana for sale. We agree and modify the judgment accordingly.

*MA054636: Facts*[1]

Police officers followed a vehicle until it stopped in an alley by an apartment complex. The officers approached the vehicle and saw a bag of marijuana inside. ( Appellant was the sole occupant of the vehicle. The officers ordered appellant out of the vehicle and searched it for marijuana. They recovered 47.7 grams. An expert opined that the marijuana was possessed for sale.

*Discussion*

" 'Section 654 precludes multiple punishments for a single act or indivisible course of conduct. [Citation.]' [Citation.] ' "Whether a course of criminal conduct is divisible . . . depends on the *intent and objective* of the actor." ' [Citation.] '[I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once. [Citation.] [¶] If, on the other hand, defendant harbored "multiple criminal objectives," which were independent of and

---

[1] We omit a summary of the facts in MA054155 because those facts are irrelevant to the issues on appeal.

not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, "even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." [Citation.]' [Citation.]" (*People v. Galvez* (2011) 195 Cal.App.4th 1253, 1262-1263.)

The People concede that, in MA054636, section 654 bars punishment for transportation of marijuana (count 1) and possession of marijuana for sale (count 2) because both offenses were part of an indivisible course of conduct. We accept the concession. The People note that "the same marijuana which was found in appellant's car . . . formed the basis for both" offenses. Moreover, for both offenses appellant harbored the same criminal objective: the sale of the marijuana in the vehicle.

When punishment for an offense is barred by section 654, the correct procedure is to impose sentence for that offense and then stay execution of the sentence. (*People v. Deloza* (1998) 18 Cal.4th 585, 591-592.) "Section 654 does not allow any multiple punishment, including either concurrent or consecutive sentences." (*Id.*, at p. 592.) The stay of execution of sentence on count 2 will not reduce appellant's 10-year prison term on count 1.

### Disposition

In MA054155 the judgment is affirmed. Pursuant to section 654, the judgment in MA054636 is modified to stay execution of the four-year prison sentence imposed on count 2, possession of marijuana for sale, the stay to become permanent upon completion of the service of sentence on count 1, transportation of marijuana.[2] As modified, the judgment is affirmed. The trial court is directed to

---

[2] "This procedure ensures that the defendant will not receive 'a windfall of freedom from penal sanction' if the conviction on which the sentence has not been stayed is overturned. [Citation.]" (*People v. Salazar* (1987) 194 Cal.App.3d 634, 640.)

prepare an amended abstract of judgment in MA054636 and to transmit a certified copy to the Department of Corrections and rehabilitation.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

Kathleen Blanchard, Judge

Superior Court County of Los Angeles

_____

Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadamel Jr. , Supervising Deputy Attorney General, Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.