Filed 11/22/13  P. v. McKinley CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>            Plaintiff and Appellant,<br><br>     v.<br><br>NATHANIEL MCKINLEY,<br><br>            Defendant and Appellant. | B243916<br><br>(Los Angeles County<br> Super. Ct. No. VA120046) |

APPEAL from the judgment of the Superior Court of Los Angeles County. Thomas I. McKnew, Jr., Judge.  Reversed in part as to sentencing and remanded.

Steve Cooley and Jackie Lacey, District Attorneys, Roberta Schwartz and Ann H. Park, Deputy District Attorneys, for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Steven D. Mathews, Deputy Attorney General, for Plaintiff and Appellant as to the cross-appeal.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

\* \* \* \* \* \* \* \* \* \*

Defendant Nathaniel McKinley was convicted by jury of one count of first degree burglary.  In a bifurcated proceeding, defendant waived trial on the special allegations he had suffered three prior convictions that qualified as strikes under the "Three Strikes" law (Pen. Code, § 667, subds. (b)-(i), § 1170.12, subds. (a)-(d)),[1] and also qualified as serious felonies and prior prison terms under section 667, subdivision (a)(1) and section 667.5, subdivision (b), respectively.  Defendant admitted the truth of the three prior conviction allegations.

In sentencing defendant, the court exercised its discretion pursuant to section 1385 to strike two of the prior convictions from being used as qualifying strikes, and proceeded to sentence defendant as a second-strike offender.  The court imposed the high term of six years on the burglary count, doubled to 12 years due to the one remaining strike.  The court then added one consecutive five-year term pursuant to section 667, subdivision (a)(1), explaining it had discretion to strike the other two 5-year enhancements.  Defendant was sentenced to an aggregate state prison term of 17 years.

The People appeal from the trial court's sentencing order, contending the court had no discretion to refrain from imposing consecutive five-year terms for all three of the prior convictions which were serious felonies under section 667, subdivision (a)(1).  The People argue the sentence imposed is an unauthorized sentence, and that this court should remand with directions to the trial court to vacate its order striking the five-year priors and to impose the two additional mandatory five-year consecutive terms.  Alternatively, the People request remand for a new sentencing hearing.

Defendant opposes, conceding the trial court had no jurisdiction to strike two of the five-year priors, but arguing the sentence was nonetheless proper and should be affirmed because two of the prior convictions were not proved to be serious felonies within the meaning of the statute.  Defendant also cross-appeals from the sentencing order on the same grounds, requesting that in the event this court finds the sentence improper, the entire sentence be vacated and a new sentencing hearing ordered; or, if the

---

[1]     All further undesignated section references are to the Penal Code.

court finds there was insufficient evidence establishing the priors as serious felonies, that a new trial on the priors be ordered.

We conclude the trial court erred in striking two of the five-year priors. We further find defendant's admission he suffered the three prior convictions alleged in the amended information was sufficient to establish they are serious felonies within the meaning of the statutory scheme. The court's failure to impose the two additional five-year sentence enhancements, mandatory under the statute, resulted in an unauthorized sentence. We therefore vacate the sentence, and remand for a new sentencing hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal presents a narrow legal question regarding sentencing only. The underlying conviction is not challenged. We therefore omit a detailed statement of facts and summarize only those material facts germane to our discussion.

Defendant was charged by amended information with one count of first degree residential burglary (§ 459). It was also specially alleged defendant had suffered three prior convictions within the meaning of the Three Strikes law (§ 667, subds. (b)-(i), § 1170.12, subds. (a)-(d)). The three prior strikes were identified as a violation of section 211 (robbery), in case No. TA029913, conviction date, as amended, of May 2, 1994; a violation of section 459 (burglary), in case No. NA034366, conviction date of April 27, 1998; and, a violation of section 246.3 (discharging a firearm in grossly negligent manner), in case No. TA083025, conviction date of June 14, 2006. The same three priors were alleged to qualify as serious felonies within the meaning of section 667, subdivision (a)(1), and as prior prison terms pursuant to section 667.5, subdivision (b). Defendant pled not guilty and denied the special allegations.

A jury found defendant guilty of first degree burglary. Defendant waived his right to a jury trial on the bifurcated special allegations. The bench trial on the special allegations was set for July 31, 2012. Defendant filed a motion requesting the court to strike two of the three prior felony convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

3

On the morning of July 31, defendant stated, on the record, his decision to "admit the priors" in lieu of a trial. The court then advised defendant as follows: "Sir, you have the right, Mr. McKinley, to be tried. That trial would consist of, since you have waived a jury trial, being fingerprinted, [the] People having to prove the priors beyond a reasonable doubt. An expert from the department, Sheriff's Department, would be called to compare the packet that is provided by the Department of Corrections, which has your fingerprint, with the fingerprint that you are or would have to have taken today. [¶] And then the court would have to determine whether or not you are, based on the testimony of the expert, one and the same as the person who had been previously convicted. [¶] Do you understand, sir, you have right to a trial by this court as to whether or not you sustained those three prior felony convictions?" Defendant responded "yes." The court asked if defendant had had the opportunity to discuss the matter with counsel, and defendant answered "yes." Finally, the court asked: "Do you willing[ly], freely, with full knowledge of what you would be giving up, waive your right to the trial and to admit that you did sustain – that is, you did incur – those three prior convictions?" Defendant again said yes, and counsel joined in the waivers.

The parties stipulated on the record to amend the information by interlineation to reflect the true date of defendant's prior robbery conviction (1994, not 1991). And, after entertaining argument on defendant's *Romero* motion, the court proceeded to sentencing.

The court granted defendant's request to strike two of the prior strikes pursuant to *Romero* based on the age of the priors: the 1994 robbery conviction and the 1998 burglary conviction. The court then identified the aggravating factors supporting its decision to impose the upper term of six years on the first degree burglary charge. The six-year term was doubled due to the one remaining strike (the 2006 felony discharge of a firearm). The court also imposed one 5-year enhancement for the prior conviction for felony discharge of a firearm, amounting to an aggregate state prison term of 17 years. The court struck the special allegation concerning the one-year prison term priors. The court imposed various fines and fees, and awarded total presentence custody credits of 501 days.

The People stated an objection on the record, asserting the court was required to impose the two additional five-year sentence enhancements pursuant to section 667, subdivision (a)(1). The court stated its belief it had discretion to strike two of the "five-year priors."

The People timely appealed from the July 31, 2012 sentencing order. Defendant obtained leave from this court to file a late notice of cross-appeal from the sentencing order.

## DISCUSSION

Section 667, subdivision (a)(1) provides: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, *shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately*. The terms of the present offense and each enhancement shall run consecutively." (Italics added.)

It is well established the sentence enhancement set forth in section 667, subdivision (a)(1) is mandatory. "While a serious felony may be stricken by the court for purposes of the Three Strikes law [citation], the same is not true for purposes of a five-year enhancement. When the truth of the allegation of conviction of a crime qualifying for a five-year enhancement has been established, it is mandatory that the enhancement be imposed." (*People v. Turner* (1998) 67 Cal.App.4th 1258, 1269 (*Turner*), citing *People v. Dotson* (1997) 16 Cal.4th 547, 554-560; see also *People v. Salazar* (1987) 194 Cal.App.3d 634, 636, fn. 2 [explaining that sections 667 and 1385 were amended by the Legislature in 1986 to eliminate trial court authority to strike a five-year enhancement, abrogating the holding in *People v. Fritz* (1985) 40 Cal.3d 227].) Therefore, when a defendant has been convicted of a serious felony, the court sentencing the defendant on that present offense is required to impose a consecutive five-year enhancement for each prior serious felony conviction pled and proven against that defendant.

Defendant's present offense, first degree burglary, as pled and found by the jury, is a serious felony enumerated under section 1192.7, subdivision (c)(18). Therefore, the court was without discretion to strike any prior serious felony convictions for purposes of calculating sentence enhancements under section 667, subdivision (a)(1). (§ 1385, subd. (b) ["This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667."].) This is so, even though the court had the discretion to strike the same priors for purposes of the Three Strikes law. (*Turner*, *supra*, 67 Cal.App.4th at p. 1269.) Defendant concedes this point.

The question then becomes whether the three prior convictions were established to be serious felonies for purposes of section 667, subdivision (a)(1). The People argue defendant's admission of the truth of the allegations of the three priors in lieu of proceeding with a court trial established the convictions were serious felonies. Defendant concedes his 1994 conviction for robbery qualified as a serious felony; robbery is one of the enumerated offenses specifically identified as a "serious felony" at section 1192.7, subdivision (c)(19). Defendant contends however, the two other prior convictions, burglary and discharge of a firearm, were never established to be serious felonies.

For purposes of the statutory scheme, "serious felony" is defined in section 1192.7 and consists of various enumerated offenses, as well as other types of specified conduct committed in the course of any felony. (§ 1192.7, subd. (c), § 667, subds. (a)(4), (d)(1).) For instance, any felony, even though not specifically enumerated, may qualify as a serious felony where "the defendant personally inflicts great bodily injury on any person, other than an accomplice, or . . . in which the defendant personally uses a firearm." (§ 1192.7, subd. (c)(8).)

Burglary *in the first degree* is specifically enumerated (§ 1192.7, subd. (c)(18)). A violation of section 246.3 (discharge of a firearm) is not, but, under section 1192.7, subdivision (c)(8), may qualify as a serious felony if the defendant personally uses a firearm in the commission of the offense.

The amended information alleged that "pursuant to . . . section 667(a)(1) . . . the defendant(s), Nathaniel McKinley, has suffered the following prior conviction(s) of a serious felony," followed by the three priors identified as robbery, burglary (with no degree specified), and discharge of a firearm in a grossly negligent manner. Defendant contends the prosecution never proved, and he did not specifically admit, any facts that would establish the 1998 burglary conviction as first degree burglary, or establish he personally used a firearm in the commission of the 2006 discharge of a firearm conviction, as opposed to merely having been convicted on an aiding and abetting theory. Defendant argues the record therefore does not support a finding that these two priors qualify as serious felonies within the meaning of the statute.

In arguing that defendant's admission at the sentencing hearing established the prior convictions as qualifying serious felonies, the People rely primarily on *People v. Thomas* (1986) 41 Cal.3d 837 (*Thomas*). We agree defendant's admission at the sentencing hearing was sufficient to establish the prior convictions were serious felonies.

In *Thomas*, four prior burglary convictions were pled against the defendant, whose present charge was rape. The defendant was convicted of the rape, and then admitted he had been previously convicted four times of a "serious felony, burglary, . . . within the meaning of sections 667 and 1192.7." (*Thomas*, *supra*, 41 Cal.3d at pp. 839, 841-842.) After receiving a sentence that included four 5-year enhancements for each of the burglary priors, the defendant challenged the adequacy of proof that the burglaries qualified as serious felonies, contending primarily he had not admitted any facts that those burglaries involved residences. (*Id*. at pp. 842-844.) The Supreme Court rejected the defendant's arguments. "[T]he issue posed by the information is not whether the defendant entered a residence, but whether he committed the burglary in a manner which would render it a 'serious felony' under section 1192.7. Defendant's admission concedes this exact issue." (*Id*. at p. 842.)

Defendant argues *Thomas* is distinguishable because the defendant there specifically admitted the prior convictions were serious felonies within the meaning of the statute, but that he *only* admitted he had suffered the prior convictions, without

7

expressly admitting they satisfied the statutory definition and without admitting any additional facts which would render them serious felonies under the statute.

Defendant's argument rests on a myopic reading of *Thomas*. The Supreme Court recently explained its decision in *Thomas*: "Our decision in [*Thomas*], held that the defendant's admission he previously had been convicted of a serious felony (burglary) was legally sufficient even without a specific admission of the facts that would render the burglary conviction a serious felony (such as burglary of a residence, inflicting great bodily injury, or use of a firearm or deadly weapon). *Thomas* establishes that a defendant's admission of an alleged enhancement is valid *even if it does not include specific admissions of every factual element required to establish the enhancement*." (*People v. French* (2008) 43 Cal.4th 36, 49-50 (*French*), italics added.)

The bifurcated trial on the special allegations was set for July 31, 2012. Defendant was represented by counsel and could have exercised his right to require the People to present evidence his three prior convictions were in fact serious felonies within the meaning of the statute. Defendant chose instead to waive his right to a trial and to admit the truth of the three prior convictions which the amended information specifically alleged were "serious felonies."[2] There is no other purpose to a special allegation under section 667, subdivision (a), other than to state the basis for a five-year sentence enhancement. Defendant's admission on the record must be treated as acknowledging the truth of that allegation, and of relieving the prosecution from the requirement to present evidentiary proof in support thereof.

---

**2** The Supreme Court has instructed that when the factual basis upon which a prior conviction qualifies as a serious felony is uncertain, a defendant's remedy for such uncertainty is a demurrer to the information pursuant to section 1012, and any failure to exercise that remedy precludes raising the issue on appeal. (*People v. Equarte* (1986) 42 Cal.3d 456, 466-467; accord, *Thomas*, *supra*, 41 Cal.3d at p. 843 ["It is not the function of the information to state the elements of an offense or enhancement" but rather "the role of counsel to explain to his client the essentials of the charge," and any claim counsel failed to adequately advise "is best asserted by a petition for a writ of habeas corpus."].) No demurrer was raised below.

An admission of an enhancement, made, as here, with the assistance of counsel, is accorded the same import as an admission made pursuant to a formal plea agreement. "A defendant may admit an enhancement for a variety of reasons: as part of a plea bargain . . . ; to obtain a perceived tactical advantage, such as keeping the convictions from the ken of the jury . . . ; because he believes it futile to contest the prosecution's proof; or simply because he honestly knows the allegations to be true. We know of no cases which hold that an admission induced by a plea bargain is any more effective to prove a contested allegation than admissions induced by some other motive. *To the contrary, when the sufficiency of an admission of a prior conviction is called into question, the only issue is whether the admission was voluntary, made by a defendant who has been informed of his constitutional rights and of the consequences of the admission.* [Citation.] An admission which meets those standards is binding whether or not defendant obtained an adequate consideration in return for the admission." (*Thomas*, *supra*, 41 Cal.3d at pp. 844-845, italics added; see also § 1158 [acknowledging prior conviction may be established by jury trial, bench trial where jury is waived, or admitted by the defendant].)

We do not read *Thomas* as requiring defendant to specifically admit in so many words that the three priors were "serious felonies" in order to establish the allegations are true. Nor can *Thomas* reasonably be read to allow a defendant to admit prior convictions in the trial court, and then turn around and argue on appeal that the People "failed" to present the requisite proof establishing the priors as serious felonies (as defendant argues here). The only reason the People did not present evidence regarding the prior convictions is because defendant waived his right to a trial and admitted them. To parse *Thomas* as defendant urges would exalt form over substance, and would encourage a level of gamesmanship we are unwilling to condone.

Defendant cites *People v. Golde* (2008) 163 Cal.App.4th 101 in support of the alleged inadequacy of his admission. *Golde* involved a prior conviction for discharge of a firearm under section 246.3. The defendant there admitted the prior in the trial court, but on appeal argued there was insufficient evidence establishing that he had personally

9

used a firearm in the commission of the offense and therefore no evidence establishing the conviction qualified as a serious felony. (*Golde,* at p. 111.) The Third District vacated the finding the defendant had suffered a prior serious felony, explaining the defendant's admission did not include a specific admission to the personal use of a firearm or that the prior conviction qualified as a serious felony. (*Id*. at p. 113.) *Golde* does not mention or discuss *Thomas*.

We are bound to follow *Thomas* and the Supreme Court's clear directive that "a defendant's admission of an alleged enhancement is valid even if it does not include specific admissions of every factual element required to establish the enhancement." (*French*, *supra*, 43 Cal.4th at p. 50.) We therefore are not persuaded to follow *Golde*.

Under *Thomas*, the only question is whether defendant's waiver of the right to a trial and his admission were voluntary and knowing in light of the totality of circumstances. (*Thomas*, *supra*, 41 Cal.3d at pp. 844-845; see also *People v. Mosby* (2004) 33 Cal.4th 353, 361-364; *People v. Howard* (1992) 1 Cal.4th 1132, 1178-1180.) The record here reveals defendant made no objections in the trial court to the admonishments given regarding his waiver of trial on the priors and admission thereto. And, defendant makes no argument before this court that his waiver and admission were anything but knowing and voluntary. The record establishes the adequacy of defendant's waiver and admission. (See *Howard*, *supra*, at p. 1180.)[3] The prior convictions were properly established to be serious felonies for purposes of imposing five-year sentence enhancements under section 667, subdivision (a)(1).

The sentence imposed July 31, 2012, must be vacated in its entirety and a new sentencing hearing conducted. " 'When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not

---

[3] A defendant who admits a prior conviction, in addition to admonishments pertaining to the waiver of the right to trial, should be advised of the penal consequences of the admission. However, any error in failing to so advise is "waived if not raised at or before sentencing." (*People v. Wrice* (1995) 38 Cal.App.4th 767, 771; accord, *People v. Jones* (2009) 178 Cal.App.4th 853, 858.) Defendant did not so object in the trial court.

10

limited to merely striking illegal portions, the trial court may reconsider all sentencing choices.  [Citations.]  This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components.'  [Citations.]"  (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258.)

Ordinarily, a trial court on remand is bound only by the limitation that the aggregate prison term not be increased.  (*People v. Burbine*, *supra,* 106 Cal.App.4th at p. 1256.)  However, that limitation is inapplicable here.  Failure to impose the mandatory five-year enhancements resulted in an unauthorized sentence.  (*Turner*, *supra*, 67 Cal.App.4th at p. 1269.)  Where the court has pronounced an unauthorized sentence, "[s]uch a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement."  (*People v. Serrato* (1973) 9 Cal.3d 753, 764, partially disapproved on other grounds as stated in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; accord, *People v. Woods* (2010) 191 Cal.App.4th 269, 273.)  The trial court on remand may reconsider all of its sentencing choices in accordance with applicable law and this opinion.

### DISPOSITION

The sentence imposed on July 31, 2012, is vacated.  The case is remanded to the trial court with directions to conduct a new sentencing hearing.  After resentencing, the court is directed to prepare a modified abstract of judgment reflecting the new sentence and to transmit same to the Department of Corrections and Rehabilitation.


GRIMES, J.

We concur:

RUBIN, Acting P. J.



FLIER, J.

11