[No. D021469. Fourth Dist., Div. One. Sept. 25, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
BARTHOLEMEW CARGILL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

\*This opinion is ordered certified for publication with the exception of parts II and III.

## COUNSEL

Martha L. McGill, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Holly D. Wilkins and Jean Hume, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, J.**—This case illustrates the wisdom of the commonly-used phrase, "Timing is everything in life." In this instance, appellant Bartholemew Cargill was arrested in the possession of cocaine base about 10:15 p.m. on March 7, 1994. That rather uneventful statistical fact becomes more important in light of the action at 2:45 p.m. on the same day in Sacramento when the Governor signed and filed with the Secretary of State the new "three strikes" law. At the time of his current offense, Cargill had suffered at least one qualifying prior serious felony conviction within the meaning of Penal Code section 667, subdivisions (d) and (e).

Cargill appeals his sentence, raising, among other contentions, the urgency measure signed by the Governor on March 7, 1994, was not "immediately" effective until at least March 8, 1994. We will reject all of Cargill's contentions and affirm the judgment in its entirety.

### FACTS AND PROCEDURAL BACKGROUND

About 10:15 p.m. on March 7, 1994, Cargill was stopped for driving erratically and without headlights. As a result of the arrest that followed, police recovered 8.4 grams of rock cocaine and found Cargill under the influence of drugs.

A jury convicted Cargill of transportation of cocaine base (Health & Saf. Code, § 11352, subd. (a)), possession of cocaine base for sale (Health & Saf. Code, § 11351.5), and possession of cocaine base (Health & Saf. Code, § 11350, subd. (a)). He was also convicted of driving under the influence of drugs (Veh. Code, § 23152, subd. (a)), being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), and using offensive words within the meaning of Penal Code section 415, subdivision (3). Cargill waived trial on the alleged prior convictions. He admitted a prior prison term pursuant to Penal Code section 667.5, subdivision (b), and a prior conviction pursuant to Penal Code section 667, subdivisions (d) and (e). The trial court, treating the case as a second strike case, sentenced Cargill to a total term of six years in prison, representing the lower term for possession of cocaine base for sale, doubled for a total of six years. All other sentences were to run concurrently. The court also imposed a $1,000 restitution fine. Cargill has filed a timely notice of appeal.

## DISCUSSION

## I

Cargill challenges the application of the three strikes law to him on two grounds; first, that the law did not go into effect until after his arrest and, even if the law were applicable, it did not provide him adequate notice and therefore denied him due process of law. We reject both contentions.

## A

### *Timing*

■ The bill (Assem. Bill No. 971) which amended Penal Code section 667 to add the so-called three strikes provisions was signed by the Governor and filed with the Secretary of State at 2:45 p.m. on March 7, 1994. (Stats. 1994, ch. 12.) Section 2 of the bill contains the statement, "This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect." (Stats. 1994, ch. 12, § 2.)

Since the statute as passed was an urgency measure, its effective date is controlled by Government Code section 9600, subdivision (b) which provides in part, "Statutes calling elections, statutes providing for tax levies or appropriations for the usual current expenses of the state, and urgency statutes shall go into effect immediately upon their enactment."

The statute was enacted when it was passed by the Legislature, signed by the Governor, and forwarded to the Secretary of State. (*In re Thierry S.* (1987) 19 Cal.3d 727, 738-739 [139 Cal.Rptr. 708, 566 P.2d 610].)

Cargill was arrested in possession of cocaine about 10:15 p.m. on March 7. The question thus presented is whether the statute signed by the Governor and transmitted to the Secretary of State some seven and one-half hours earlier immediately became effective so as to apply to Cargill. We find the new law was in effect at the time of this offense.

We look to the plain language of Government Code section 9600 to guide us as to when an urgency measure such as this becomes effective. According to the statute, the law is effective "immediately" upon its enactment. "Immediate" is a common term defined as "occurring or accomplished without delay; instant." (Random House Dict. of the English Language (2d ed. 1983) p. 956.)

Cargill's argument that "immediately" means the next day simply has no support in the plain language of the statute, or in any rational statutory interpretation. The language of the statute is clear and unambiguous and requires no construction by us. (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].) Plainly, the three strikes law, an urgency measure, went into effect at the time it was filed by the Governor with the Secretary of State and was validly in place when Cargill committed the current offenses.

B

*Notice*

There is simply no basis for Cargill's argument his due process rights were violated by lack of fair notice with the enactment of the statute.

The conduct in which Cargill was engaged at the time of his arrest violated penal laws within the Health and Safety Code, Vehicle Code, and Penal Code, established and well known long before he engaged in his unlawful behavior. The new statute enacted by the Legislature simply increased the penalty for recidivist felons such as Cargill who committed a new violation of an already defined set of penal laws. (*People* v. *Jackson* (1985) 37 Cal.3d 826, 833 [210 Cal.Rptr. 623, 694 P.2d 736].) Nothing in the new law changed or expanded the nature of the prohibited behavior. The new statute simply prospectively increased the punishment for violation of criminal laws which in this instance were pre-existing and correctly defined. Cargill suffered no deprivation of his due process right to fair notice that his conduct was unlawful.

II, III*

. . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Work, Acting P. J., and Benke, J., concurred.

A petition for a rehearing was denied October 12, 1995, and appellant's petition for review by the Supreme court was denied December 21, 1995. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1551.