[No. A070472. First Dist., Div. One. Dec. 29, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK WAYNE ALLISON, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II.A and II.C.

**COUNSEL**

Cynthia A. Thomas and Thomas A. Schaaf, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General,

Ronald S. Matthias and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

DOSSEE, J.—In this case, we must decide whether Penal Code section 667, subdivisions (b) through (i), the legislative version of the "Three Strikes Law," requires that a defendant's prior serious or violent felonies have been "brought and tried separately" in order to qualify as multiple "strikes."[1] We conclude that the Three Strikes Law contains no such requirement.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a negotiated disposition, defendant Mark Wayne Allison pled guilty to one count of cultivation of marijuana. Defendant also admitted that he had previously been convicted of four serious or violent felonies within the meaning of section 667, subdivisions (d) and (e), consisting of three counts of assault with a firearm and one count of kidnapping.[2] All four priors were charged in a single information and were disposed of in a single proceeding on February 11, 1986.

At sentencing, defendant argued that the four prior felonies should be counted as only a single "strike" because they were not "brought and tried separately." The trial court rejected this argument, sentencing defendant to

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]Section 667, subdivisions (d) and (e), provide, in pertinent part, as follows:

"(d) Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as:

"(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. . . .

". . . . . . . . . . . . . . . . . . . . . .

"(e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:

"(1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction.

"(2)(A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indetermiante sentence calculated as the greater of:

"(i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony conviction.

"(ii) Imprisonment in the state prison for 25 years.

"(iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046. . . ."

an indeterminate term of 25 years to life in state prison. (See § 667, subd. (e)(2)(A)(ii), *ante*, fn. 2.) Defendant has filed a timely notice of appeal.

## II. DISCUSSION

### A. *Defendant's Motion to Suppress Was Properly Denied**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *The Three Strikes Law Treats Each Prior Serious or Violent Felony as a Separate "Strike" Regardless of Whether It Was "Brought and Tried Separately"*

■ Defendant argues that the Three Strikes Law requires that prior serious or violent felonies have been "brought and tried separately" in order to qualify as multiple "strikes." In making this argument, defendant relies on the language of section 667, subdivision (a), which provides that "any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges *brought and tried separately*." (Italics added.)

Defendant's reliance on section 667, subdivision (a), is misplaced. Section 667, subdivision (a), is an enhancement statute. The Three Strikes Law, by contrast, "is the articulation of a parallel sentencing scheme for specifically described recidivists." (*People* v. *Anderson* (1995) 35 Cal.App.4th 587, 595 [41 Cal.Rptr.2d 474].) Under the Three Strikes Law, the determination of whether a prior felony qualifies as a "strike" is made under section 667, subdivision (d), which applies "[n]otwithstanding any other law." (See *ante*, fn. 2.) Nothing in section 667, subdivision (d), requires that prior serious or violent felonies have been "brought and tried separately" in order to qualify as multiple "strikes."[4] Moreover, the Legislature included an analogous requirement for current charges in section 667, subdivision (c)(6), which provides that "[i]f there is a current conviction for more than one felony count *not committed on the same occasion, and not arising from the same set of operative facts*, the court shall sentence the defendant consecutively on

---

*See footnote, *ante*, page 841.

[4]Defendant relies on a number of general principles of statutory construction to support his contention that the Three Strikes Law includes a "brought and tried separately" requirement. Because we find that the language of section 667, subdivision (d), is clear and unambiguous, we have no occasion to resort to these principles. (See *People* v. *Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].)

each count pursuant to subdivision (e)." (Italics added.) If the Legislature had intended to include a comparable "brought and tried separately" requirement with respect to prior serious or violent felonies, it would have said so.

### C. *Remaining Sentencing Issues**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## III. DISPOSITION

The judgment is affirmed.

Strankman, P. J., and Stein, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 21, 1996. Mosk, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 841.