[No. B097733. Second Dist., Div. Three. Sept. 16, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH DAVID ASKEY, Defendant and Appellant.

COUNSEL

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter, Jaime L. Fuster and Kyle S. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KLEIN, P. J.**—Defendant and appellant Joseph David Askey appeals the judgment entered after conviction by jury of attempted first degree burglary. (Pen. Code, §§ 664, 459.)[1] The trial court found Askey had suffered two prior serious or violent felony convictions within the meaning of section 667, subdivisions (b) through (i), and had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1). The trial court sentenced Askey to a term of 25 years to life in state prison.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Prosecution's evidence.*

Viewed in accordance with the usual rule of appellate review (*People* v. *Rayford* (1994) 9 Cal.4th 1, 23 [36 Cal.Rptr.2d 317, 884 P.2d 1369]; *People* v. *Johnson* (1980) 26 Cal.3d 557, 575-577 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]), the evidence established that on March 15, 1995, at approximately 10 p.m., Askey attempted to break into the residence of Ellen Davis in San Dimas. Lars Bergmann, Davis's neighbor, heard noises and looked into the side yard. Lars observed Askey crouched down next to Davis's window. Askey was working "the screen off the window, starting at the lower right-hand corner." Lars advised his parents of the intruder in Davis's yard.

Lars and his father, Duane Bergmann, went outside to investigate. Lars went to the backyard, and Duane went into the front yard. As Lars entered the backyard, the Bergmanns' security light went on. Lars saw Askey exit Davis's side gate. Duane ordered Askey to stop and chased him down the street. Duane caught Askey and ordered him to lie facedown on the ground.

After deputy sheriffs responded, Davis went into her side yard and found the screen on the ground. Davis had been home at the time Askey attempted to break in but she had not heard him at the window.

---

[1]Subsequent statutory references are to the Penal Code.

### 2. *Sentencing.*

The amended information alleged Askey had suffered 13 prior felony convictions in a single previous case.[2] The trial court stated these convictions encompassed separate incidents on July 7, 1984 (attempted murder and residential burglary), March 18, 1985 (attempted murder and residential burglary of another victim), March 24, 1985 (residential burglary of a third victim), April 2, 1985 (residential burglary of a fourth victim), May 17, 1985 (attempted residential burglary of a fifth victim), May 15, 1985 (attempted murder and residential burglary of a sixth victim), and May 21, 1985 (attempted murder and residential burglary of a seventh victim). Thus, the trial court noted the prior case in which Askey had suffered all these convictions involved "completely separate inciden[ts], different times, different places, different victims for overwhelmingly serious offenses, . . ." The trial court stated it intended to impose sentence as though each of these incidents was separate even though all of the charges had been brought and tried at the same time.

The trial court also stated that, in light of Askey's "prior history," the term the trial court was about to impose was not cruel and unusual. "It's severe punishment, but . . . [t]his is the law, and under the law as I see it I'm required to impose sentence, and that's what I intend to do, under the law as I believe it to be." The trial court then imposed a term of 25 years to life in state prison and stayed a 5-year enhancement for a prior serious felony conviction within the meaning of section 667, subdivision (a)(1).

### CONTENTIONS

Askey contends prior serious or violent felony convictions under the Three Strikes law must be brought and tried separately, the Three Strikes law is unconstitutionally vague and fails to give notice of the specific punishment to be imposed, and the 25 years to life term imposed constitutes cruel and unusual punishment.

In a supplemental letter brief, Askey contends the case must be remanded for resentencing in light of *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530 [53 Cal.Rptr.2d 789, 917 P.2d 628].

The People assert the trial court lacked discretion to stay the five-year enhancement for the prior serious felony conviction within the meaning of section 667, subdivision (a)(1).

---

[2]The amended information alleged that on August 12, 1985, in People v. Askey (Super. Ct. L.A. County, No. A534372), Askey had been convicted of four counts of attempted murder, seven counts of residential burglary, attempted residential burglary, and assault with intent to commit mayhem or rape. (§§ 664/187, subd. (a), 459, 664/459, 220.)

## Discussion

1. *Prior serious or violent felony convictions within the meaning of the three strikes law need not be "brought and tried separately."*

██ Askey contends because both his alleged prior serious or violent felony convictions were suffered in the same criminal proceedings, they were not "brought and tried separately" within the meaning of section 667, subdivision (a)(1), and thus cannot both qualify as strikes.

This claim is meritless. The Three Strikes law does not require otherwise qualifying prior convictions to be based on charges brought and tried separately. Indeed, nothing in the definition of "a prior conviction of a felony" for the purpose of the Three Strikes law restricts prior convictions to charges brought and tried separately. (§ 667, subd. (d).) Because the three strikes law adopts such a restriction with respect to current charges in section 667, subdivision (c)(6), the omission of that restriction in the definition of a prior serious or violent felony conviction must be seen as intentional. (*People* v. *Allison* (1995) 41 Cal.App.4th 841, 844-845 [48 Cal.Rptr.2d 756].) Thus, this claim fails.

2. *The three strikes law is not unconstitutionally vague and gives adequate notice of the punishment to be imposed.*

██ Askey contends the three strikes law is unconstitutionally vague and fails to give adequate notice of the specific punishment to be imposed in a third strike case. He asserts the Three Strikes law is unclear as to how courts are to determine how many strikes a defendant has suffered where the prior convictions were suffered in a single prior proceeding.

This claim likewise is meritless. There is nothing ambiguous about the manner in which prior convictions are determined under the Three Strikes law. As indicated in the foregoing discussion section, the Three Strikes law does not require prior serious or violent felony convictions to be brought and tried separately.

Moreover, even if it is assumed for the sake of discussion the Three Strikes law is ambiguous on this point, that ambiguity does not render the Three Strikes law unconstitutional. "Many, probably most, statutes are ambiguous in some respects and instances invariably arise under which the application of statutory language may be unclear." (*Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1201 [246 Cal.Rptr. 629, 753 P.2d 585].) These ambiguities properly may be "resolved by trial and appellate courts

'in time-honored, case-by-case fashion,' by reference to the language and purposes of the statutory schemes as a whole." (*Evangelatos* v. *Superior Court, supra,* 44 Cal.3d at p. 1202.)

Askey had adequate notice of the punishment to be imposed in his case. The three strikes law provides: "If a defendant has two or more prior felony convictions . . . , the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of . . . : [¶] . . . [¶] (ii) Imprisonment in the state prison for 25 years." (§ 667, subd. (e)(2)(A).) Askey was not deprived of fair notice of the penalty to be imposed. (*People* v. *Kinsey* (1995) 40 Cal.App.4th 1621, 1630 [47 Cal.Rptr.2d 769]; *People* v. *Cargill* (1995) 38 Cal.App.4th 1551, 1555 [45 Cal.Rptr.2d 480].)

Accordingly, the Three Strikes law survives Askey's claim of constitutional invalidity.

### 3. *The sentence imposed is not unconstitutionally disproportionate.*

■ Askey contends the punishment imposed, 25 years to life in prison, is disproportionate to the crime for which it is imposed and to Askey's individual culpability, and it is excessive when compared to the punishment imposed for more serious offenses in this jurisdiction and when compared to the punishment imposed for the same offense in other jurisdictions. (*People* v. *Dillon* (1983) 34 Cal.3d 441, 477-482 [194 Cal.Rptr. 390, 668 P.2d 697]; *In re Lynch* (1972) 8 Cal.3d 410, 423-424 [105 Cal.Rptr. 217, 503 P.2d 921].)

Askey argues the evidence shows he did not enter Davis's home, he inflicted only minimal property damage to her home, he did not flee or become violent when confronted by neighbors, and there was no indication Askey was armed. Askey concedes his prior offenses "were quite serious," but asserts they were suffered simultaneously and he has no other felony convictions. Askey claims he was under the influence of drugs at the time of the previous convictions but was not at the time of this offense. He states he was employed at Lenscrafters at the time of this offense. Askey claims his offenses have diminished in severity.

Askey argues the term imposed is more severe than that imposed upon a first degree murderer who clearly poses a greater danger to society. Askey claims he is different from other two strike defendants because all his strikes were incurred in a single prior proceeding. Thus, Askey had only one chance before receiving a 25-year-to-life term. He claims it therefore is more

appropriate to compare the term imposed to second strike defendants. Lastly, Askey asserts the term imposed is cruel and unusual when compared to the punishment for similar offenses in other jurisdictions.

This claim is meritless.

Askey's argument overlooks the fact the instant punishment of 25 years to life in prison is not being imposed solely for the current offense of attempted burglary. Rather, the punishment is merited based on Askey's status as a repeat offender. Moreover, Askey's prior convictions reveal an affinity for home invasion crimes that escalate to attempted murder. He was imprisoned for his prior offenses from 1985 until release from state prison in March of 1994. He was on parole at the time of the commission of the current offense. Thus, after serving a substantial amount of time for his previous offenses, Askey started right back where he left off, committing serious felony home invasion crimes. Although Askey asserts he was not successful in his burglary attempt and caused only minimal property damage, the result might have been far different had Lars Bergmann not observed Askey attempting to break into Davis's home.

Viewed in this context, the punishment imposed by the trial court is neither cruel nor unusual. Accordingly, this claim fails.

4. *The case need not be remanded for resentencing.*

■ In a supplemental letter brief, Askey asserts the case must be remanded for resentencing pursuant to *People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th at pages 529-530.

Again, the claim is without merit.

*People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th at pages 529-530, held courts retain discretion to strike prior serious or violent felony convictions under section 1385 in the interest of justice. Additionally, where the record reveals the court was unaware of its discretion, or where the court did not affirmatively indicate it would not exercise its discretion in any event, a defendant is entitled to remand for resentencing.

In this case, the trial court was not asked to exercise its discretion to strike one of Askey's prior convictions. Thus, any error in the propriety of the trial court's failure to exercise with respect to striking a prior conviction for the purpose of sentencing has been waived. (*People* v. *Scott* (1994) 9 Cal.4th 331, 353 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

Also, the trial court noted all of Askey's convictions involved "completely separate inciden[ts], different times, different places, different victims for overwhelmingly serious offenses, . . ." Because the record clearly indicates the trial court would *not* have exercised its discretion to strike a prior conviction, remand is unnecessary. (*People* v. *Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [193 Cal.Rptr. 882, 667 P.2d 686]; *People* v. *Thompson* (1989) 209 Cal.App.3d 1075, 1086 [257 Cal.Rptr. 658].)

Moreover, in light of the fact Askey appeared to be a budding "Night Stalker" as more fully detailed in the discussion section on cruel or unusual punishment, remand to the trial court would constitute an idle act in that any order striking a prior serious or violent felony conviction would constitute an abuse of the trial court's discretion.

Further, Askey cannot show prejudice under a test of reasonable probability of an adverse effect on the outcome. Thus, any claim of ineffective assistance of counsel in the failure to request the trial court to strike one of the prior convictions similarly fails. (*People* v. *Berryman* (1993) 6 Cal.4th 1048, 1081 [25 Cal.Rptr.2d 867, 864 P.2d 40].)

5. *The judgment must be modified to impose the five-year enhancement pursuant to section 667, subdivision (a)(1).*

The People contend the five-year enhancement for the prior felony conviction within the meaning of section 667, subdivision (a)(1), must be imposed.

This claim is well taken. Courts lack discretion to strike or stay allegations of prior serious felony conviction under section 667, subdivision (a)(1). (*People* v. *Samuels* (1996) 42 Cal.App.4th 1022, 1029 [50 Cal.Rptr.2d 157]; *People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 569-572 [39 Cal.Rptr.2d 374]; *People* v. *Valencia* (1989) 207 Cal.App.3d 1042, 1045 [255 Cal.Rptr. 180]; § 1385, subd. (b).)

Accordingly, the judgment must be modified to impose the stayed five-year term for the prior serious felony conviction under section 667, subdivision (a)(1).[3]

---

[3]It might be argued that, had the trial court been unaware imposition of the five-year enhancement for the prior serious felony conviction was mandatory, it might have exercised its discretion to strike one of the prior serious or violent felony convictions for the purposes of sentencing. (*People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497.) However, as noted in the foregoing discussion section, because the similarity between Askey's prior convictions and this offense indicates an unacceptable proclivity for serious, nighttime home invasion

## Disposition

The judgment is modified to impose the stayed five-year term on the prior serious felony conviction under section 667, subdivision (a)(1), and, as so modified, affirmed. The trial court is directed to prepare a new abstract of judgment incorporating the modification, and to forward a copy of the new abstract to the Department of Corrections.

Croskey, J., and Kitching, J., concurred.

A petition for a rehearing was denied October 10, 1996, and appellant's petition for review by the Supreme Court was denied December 23, 1996. Mosk, J., Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.

---

crimes, an order striking any of the prior serious or violent felony convictions under *Romero* would consitute an abuse of discretion. Thus, the fact the sentence imposed must be corrected to impose the stayed five-year enhancement does not require remand to allow the trial court to reconsider the term imposed.