Opinion
 

 LAMBDEN, J.
 

 In the published portion of this opinion we will attempt to quell an incipient split among the Courts of Appeal over the meaning of footnote 13
 
 [1]
 
 to the Supreme Court’s opinion in
 
 People
 
 v.
 
 Superior Court (Romero)
 
 (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]
 
 (Romero).
 
 We hold the peculiar circumstances of
 
 Romero
 
 created a limited exception to the usual presumption of regularity in the exercise of sentencing discretion. We further hold a defendant otherwise entitled to relief under
 
 Romero,
 
 but who failed to request the sentencing court to act pursuant to Penal Code section 1385, subdivision (a) (section 1385(a)), does not forfeit the right to reconsideration of sentence in light of
 
 Romero.
 

 
 *1130
 
 A jury convicted defendant of three counts of unlawful possession of a controlled substance in violation of Health and Safety Code section 11350 and one count of possession for sale in violation of Health and Safety Code section 11378. Defendant claims the court committed prejudicial error when it instructed the jury to reject ignorance of the law as a defense to the possession charges. Additionally, defendant requests this court to remand for resentencing to determine whether the court would exercise its discretion to strike a prior. We will remand for reconsideration of sentence and reject defendant’s other claims.
 

 Background
 

 On January 27,1995, an information charged defendant with one count of possession for sale of methamphetamine in violation of Health and Safety Code section 11378 and three counts of possession of a narcotic (Darvoset, Tylenol with codeine, and methadone) in violation of Health and Safety Code section 11350. The information further alleged two prior “strikes” within the meaning of Penal Code section 667, subdivisions (b) through (i). (All further unspecified code sections refer to the Penal Code.)
 

 On May 15, 1994, at approximately 6 p.m., Officer David D. Brown (Brown) found defendant “passed out” or asleep on the front lawn of a Martinez residence. Brown awakened defendant and determined he was intoxicated. He arranged for defendant’s transportation to “detox.”
 

 Prior to transporting defendant, Brown conducted a patsearch for weapons. The search revealed a small plastic white bottle containing 17 pills. Defendant reached into another pocket and pulled out another bottle. Brown looked inside and discovered six small plastic bags containing a white-colored powder. Brown then arrested defendant.
 

 At the jury trial, Susan N. Giorgi, a forensic toxicologist, testified the powder in the bags found on defendant contained 1.23 grams of methamphetamine. She also determined the plastic bottle removed from defendant contained four Darvoset pills, eight Tylenol with codeine pills, and one methadone pill.
 

 Defendant testified he knew the pills were pain-killers or “downers,” but he believed they were “prescription pills.” He stated: “Well, I, more or less, know what they are. What they say. They say they’re codeine, I know what codeine is. They say Darvon, I know what Darvon is. I know what methadone is.” He also claimed: “I didn’t realize it was against the law to carry pills like that. F]D . . . [^D I didn’t know they were illegal. I thought they
 
 *1131
 
 were legal, you know, to carry around . . . Finally, defendant asserted he did not know how he came into possession of the methamphetamine.
 

 On November 29, 1995, the jury found defendant guilty of all charges. The jury also found the two priors to be true.
 

 Defense counsel moved to strike the prior convictions and argued: “I will move now that you strike both of the strikes under the case published yesterday,
 
 Casillas,
 
 that I think you are familiar with because it’s out of your court.” The court denied the motion and stated: “I am going—I am familiar with it. I am going to deny the motions to strike the strikes.”
 

 On December 15, 1995, the district attorney moved to dismiss the second prior “strike,” and the court granted the motion. The court sentenced defendant to state prison for a total of five years, four months. The court arrived at that sentence by doubling (pursuant to section 667, subdivisions (d) and (e)) the midterm sentence of two years for possession of methamphetamine for sale, and doubling the subordinate consecutive sentence of eight months for possession of Darvoset. Pursuant to section 654, the court stayed sentence on the possession of Tylenol with codeine and possession of methadone.
 

 I.
 
 No Instructional
 
 Error
 
 *
 

 II.
 
 Remand Is the Appropriate Remedy
 

 Defendant contends remand is required because the record is silent on the question of whether the court knew it had discretion to strike a prior for purposes of sentencing. While this appeal was pending, the California Supreme Court filed its opinion in
 
 Romero,
 
 which held the trial court does retain the discretion to dismiss a prior felony conviction allegation and thus reduce the effect of the three strikes statute. The Supreme Court thus allowed judges to move sua sponte to reduce a sentence by striking one or more prior felony conviction allegations “ ‘in furtherance of justice’ ’’
 
 (Romero, supra,
 
 13 Cal.4th 497, 504). The court also made its holding fully retroactive.
 

 Some confusion arose from footnote 13, as modified, in the
 
 Romero
 
 opinion. It reads in full as follows: “ ‘Our holding, which relates only to sentencing, is fully retroactive. (See
 
 People
 
 v.
 
 Belmontes
 
 (1983) 34 Cal.3d 335, 348, fn. 8 [193 Cal.Rptr. 882, 667 P.2d 686];
 
 People
 
 v.
 
 Tenorio
 
 [1970]
 
 *1132
 
 3 Cal.3d [89,] 95, fn. 2 [89 Cal.Rptr. 249, 473 P.2d 993].) A defendant serving a sentence under the Three Strikes law (§ 667, subds. (b)-(i); § 1170.12) imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385(a),
 
 may raise the issue on appeal, or, if relief on appeal is no longer available,
 
 may file a petition for habeas corpus to secure reconsideration of the sentence. Such a petition should be filed in the sentencing court.
 
 (People
 
 v.
 
 Tenorio, supra,
 
 3 Cal.3d at p. 95, fn. 2.) Such a petition may be summarily denied if the record shows that the sentencing court was aware that it possessed the discretion to strike prior felony conviction allegations without the concurrence of the prosecuting attorney and did not strike the allegations, or if the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations.
 
 (People
 
 v.
 
 Belmontes, supra,
 
 34 Cal.4th 348, fn. 8.)’ [Citation.]”
 
 (People
 
 v.
 
 White Eagle
 
 (1996) 48 Cal.App.4th 1511, 1522 [56 Cal.Rptr.2d 749].) (The original footnote in the
 
 Romero
 
 opinion dated June 20, 1996, was modified August 21, 1996, by the addition of the italicized language.)
 

 We conclude remand is the appropriate remedy where the record is silent as to the sentencing court’s understanding of its sentencing discretion under section 1385(a), between the date of the enactment of the three strikes law and the filing of the opinion in
 
 Romero.
 
 The Supreme Court would not have modified footnote 13 of its opinion to include remand by an appellate court if it intended petition by writ of habeas corpus to be the only available remedy. Moreover, the Supreme Court must have modified its footnote based on an understanding that petition by habeas corpus would be the more procedurally onerous remedy. A silent record cannot be seen to constitute a waiver by the defendant of the issue because section 1385(a) permits the motion to strike “in furtherance of justice” only by the prosecuting attorney or by the court on its own motion. During the 18 months leading up to the
 
 Romero
 
 decision, during which the law remained unsettled, some counsel may have anticipated the issue by requesting a statement of the court’s understanding of the issue; however, the clients of counsel who failed to do so should not be penalized in view of the unsettled circumstances then existing.
 

 Although footnote 13 describes only two circumstances where the “petition” may be summarily denied, these circumstances must be inferred to be applicable, as well, on appeal. These are: where the court stated it believed it had the discretion ultimately affirmed by
 
 Romero,
 
 or where the sentencing court made it clear it would not, even if it had discretion, dismiss an allegation of a prior serious felony “in furtherance of justice.” In the instant case, the court’s cryptic reference to a single recent case supporting its
 
 *1133
 
 authority to dismiss is not sufficient to establish either of the circumstances described in footnote 13 of
 
 Romero.
 
 Accordingly, we conclude the case must be remanded to the trial court so it may clarify whether or not it would exercise its discretion pursuant to section 1385(a).
 

 Romero was amended by a single addition to footnote 13 two months after the opinion was filed. The only reasonable explanation for the modification of footnote 13 is the Supreme Court’s realization of the large number of affected cases still pending on appeal. In contrast, the footnote in the
 
 Tenorio
 
 decision, after which the
 
 Romero
 
 court clearly modeled footnote 13, was issued fully 11 years after the statute at issue in
 
 People
 
 v.
 
 Tenorio
 
 (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993]. The initial adoption by the original footnote 13 of the system employed in
 
 Tenorio,
 
 which presupposed the absence of the original sentencing judge, overlooked the fact that only 18 months had passed since the enactment of three strikes statute and, thus, many cases in which the issue was present were still pending on appeal. In its original form, the footnote suggested the habeas corpus procedure must be employed even in cases where the issue was presented to an appellate court. Hence, the Supreme Court simply added language to instruct the Courts of Appeal to go ahead and deal with the issue.
 

 Both the
 
 Tenorio
 
 language and footnote 13 in its original form described only how the petition for habeas corpus could be summarily denied, based upon a showing either that the sentencing court knew it had the authority to strike or that it would not, in any event, have exercised such authority. Where the record is clear, these situations have presented few problems in the appellate courts. The difficulty has arisen where the record is truly silent and the question of dismissal of allegations of prior serious felonies under section 1385(a) was never mentioned by court or counsel. A split among the Courts of Appeal has resulted. A number of opinions have concluded it cannot be shown from a silent record whether the sentencing court misunderstood its discretion to strike prior conviction allegations and, applying the presumptions in favor of the validity of the trial court’s judgment, defendants in such cases cannot therefore carry the burden of affirmatively demonstrating error.
 
 (People
 
 v.
 
 Davis
 
 (1996) 50 Cal.App.4th 168, 171-173 [57 Cal.Rptr.2d 659];
 
 People
 
 v.
 
 White Eagle, supra,
 
 48 Cal.App.4th 1511, 1523;
 
 People
 
 v.
 
 Alvarez
 
 (1996) 49 Cal.App.4th 679, 693-696 [56 Cal.Rptr.2d 814]; see also
 
 People
 
 v.
 
 Rocha
 
 (1996) 48 Cal.App.4th 1060, 1072, fn. 7 [56 Cal.Rptr.2d 212].)
 

 Other cases concluded a defendant’s failure to request the trial court to dismiss pursuant to section 1385(a) results in waiver of any right to seek remand in order to make such a request
 
 post-Romero.
 
 This conclusion is
 
 *1134
 
 based on the reasoning of the Supreme Court in
 
 People
 
 v.
 
 Scott
 
 (1994) 9 Cal.4th 331, 348 [36 Cal.Rptr.2d 627, 885 P.2d 1040], where the defendant attempted for the first time on appeal to raise objections to the trial court’s statement of reasons in support of its discretionary sentencing choices.
 
 (Id.
 
 at p. 336.)
 
 People
 
 v.
 
 Rocha, supra,
 
 48 Cal.App.4th 1060, concluded a defendant’s failure to make the request under section 1385(a) waives the issue on appeal.
 
 People
 
 v.
 
 Askey
 
 (1996) 49 Cal.App.4th 381 [56 Cal.Rptr.2d 782] also found waiver to bar relief in this context.
 

 Other opinions have held the presumption of regularity exists after the filing date of
 
 Romero
 
 but does not apply
 
 ante-Romero:
 
 “The normal presumption that a trial judge correctly applied existing law did not apply in the pre-Romero setting.”
 
 (People
 
 v.
 
 Mosley
 
 (1997) 53 Cal.App.4th 489, 497 [62 Cal.Rptr.2d 268].) The Fourth District in
 
 People
 
 v.
 
 Houck
 
 (1997) 53 Cal.App.4th 375, 383 [61 Cal.Rptr.2d 650] review granted June 11, 1997 (S060507), rejected both the waiver conclusion and the presumption of regularity in sentencing “. . . because the law in effect at the time of Houck’s sentencing did not clearly establish that the court had discretion to strike a strike (and in fact held to the contrary), such a presumption does not properly apply.” The court in
 
 Houck
 
 also concluded a silent record cannot constitute a waiver of defendant’s right to seek remand, first, because of the language of section 1385(a), and second, because of the policy considerations expressed in
 
 People
 
 v.
 
 Scott, supra, 9
 
 Cal.4th 331.
 

 Section 1385(a), as amended, provides: “The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action be dismissed.” There is no suggestion this motion may be brought by the defendant, and the only court to have held such a motion is a prerequisite to appeal was the Second District in
 
 People
 
 v.
 
 Rocha,
 
 in a footnote containing neither discussion nor citation to other authority.
 
 [2]
 
 (48 Cal.App.4th 1060, 1072, fn. 7.) It would be manifestly unjust to now use hindsight to conclude the issue should have been raised by a motion, not countenanced by the statute, in all three strike cases sentenced during the pendency of the
 
 Romero
 
 decision. This is particularly true in view of the unsettled state of the law prior to the enactment of the three strikes law and the filing of the
 
 Romero
 
 opinion.
 

 Prior to June 20, 1996, the date
 
 Romero
 
 was filed, most Courts of Appeal had concluded there was no right on the part of the sentencing judge to strike a prior felony conviction. A number of cases remain pending before the Supreme Court.
 
 (People
 
 v.
 
 Mills
 
 (1996) 48 Cal.App.4th 143 [51 Cal.Rptr.2d 168], review granted June 12, 1996 (S053149);
 
 People
 
 v.
 
 Peterson
 
 (1995) 49
 
 *1135
 
 Cal.App.4th 1810 [48 Cal.Rptr.2d 318], review granted Mar. 21, 1996 (S051311);
 
 People
 
 v.
 
 Drew
 
 (1995) 49 Cal.App.4th 180 [47 Cal.Rptr.2d 319], review granted Mar. 14, 1996 (S050984);
 
 People
 
 v.
 
 Superior Court (Missamore)
 
 (1995) 47 Cal.App.4th 1292 [45 Cal.Rptr.2d 392], review granted Dec. 21, 1995 (S044037);
 
 People
 
 v.
 
 Campos
 
 (1995) 47 Cal.App.4th 1366 [45 Cal.Rptr.2d 706], review granted Dec. 21, 1995 (S049828);
 
 People
 
 v.
 
 Superior Court (Pipkin)
 
 (1995) 47 Cal.App.4th 1833 [46 Cal.Rptr.2d 474], review granted Nov. 22, 1995 (S049470);
 
 People
 
 v.
 
 Gore
 
 (1995) 46 Cal.App.4th 1396 [44 Cal.Rptr.2d 244], review granted Nov. 22, 1995 (S048866);
 
 People
 
 v.
 
 Williams
 
 (1995) 46 Cal.App.4th 1522 [44 Cal.Rptr.2d 743], review granted Nov. 16, 1995 (S049295);
 
 People
 
 v.
 
 Bailey
 
 (1995) 46 Cal.App.4th 743 [44 Cal.Rptr.2d 205], review granted Nov. 16, 1995 (S048808);
 
 People
 
 v.
 
 Loomis
 
 (1995) 47 Cal.App.4th 46 [44 Cal.Rptr.2d 775], review granted Nov. 16, 1995 (S049374);
 
 People
 
 v.
 
 Petty
 
 (1995) 51 Cal.App.4th 203 [44 Cal.Rptr.2d 34], review granted Nov. 2, 1995 (S048702);
 
 People
 
 v.
 
 Glaster
 
 (1995) 49 Cal.App.4th 1910 [45 Cal.Rptr.2d 65], review granted Oct. 19, 1995 (S048283).)
 

 Only one Court of Appeal case decided prior to the June 20,1996, opinion in
 
 Romero
 
 had concluded a trial judge could strike a prior serious felony allegation.
 
 (People
 
 v.
 
 Casillas
 
 (1995) 49 Cal.App.4th 1837 [47 Cal.Rptr.2d 734], review granted Mar. 14, 1996 (S051201).)
 
 People
 
 v.
 
 Casillas
 
 is the single case mentioned in this record and was filed two days prior to the sentencing hearing in this case.
 

 Those courts rejecting the remand remedy in silent record cases have depended on the application of traditional appellate presumptions in favor of the judgment.
 
 (People
 
 v.
 
 Davis, supra,
 
 50 Cal.App.4th 168, 171-173.) However, as the court pointed out in
 
 People
 
 v.
 
 Mosley,
 
 “Footnote 13 of
 
 Romero represented an exception
 
 to the normal presumption of regularity concerning the exercise of sentencing discretion. This was the result of practical determination by the California Supreme Court that given the uncertainty in the law on June 20,1996, the normal presumption that a sentencing judge would be willing to consider striking a prior serious felony conviction as permitted by section 1385, subdivision (a)
 
 without prosecutorial concurrence
 
 did not exist.” (53 Cal.App.4th 489, 497, italics added.)
 

 This conclusion is clearly implicit in footnote 13 itself, which annunciates only two circumstances in which the presumption of regularity may be applied with respect to sentencing in a three strikes case for the
 
 Romero
 
 opinion; A further sentencing hearing may be summarily denied where the record affirmatively shows either (1) “that the sentencing court was aware that it possessed the discretion to strike prior felony allegations without the
 
 *1136
 
 concurrence of the prosecuting attorney and did not strike the allegations,” or (2) “that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations.”
 
 (Romero, supra,
 
 13 Cal.4th 497, 530, fn. 13.) The implication is that in all other situations, where the foregoing two circumstances cannot be shown, defendants sentenced between the enactment of the three strikes statute and the
 
 Romero
 
 opinion, are entitled to be resentenced by a trial court informed of sentencing discretion expressed in
 
 Romero.
 
 To hold otherwise would be to create an exclusion not stated in the
 
 Romero
 
 opinion and directly counter to the express holding the opinion is to have “full retroactive effect.”
 

 In addition to conflicting with the reasoning and procedure described in the
 
 Romero
 
 opinion, those opinions which would relegate appellants to the remedy of habeas corpus in silent record cases would impose a remedy much more procedurally onerous for both defendants and trial courts. There can be no doubt the procedure upon a habeas corpus petition is more cumbersome than remand by an appellate court, even in the summary form proposed by footnote 13. The Supreme Court was aware of this fact when footnote 13 was amended. In 1971, the Supreme Court detailed the procedures to be followed in reviewing challenges under footnote 2 of the
 
 Tenorio
 
 opinion (3 Cal.3d 89, 95, fn. 2) in the case of
 
 In re Cortez
 
 (1971) 6 Cal.3d 78, 82-83, 88-89 [98 Cal.Rptr. 307, 490 P.2d 819].
 
 Romero's
 
 footnote 13 was clearly modeled after footnote 2 of
 
 Tenorio,
 
 with the single exception of the requirement the habeas corpus petition be filed in the territorial court and then transferred to the sentencing court.
 

 Accordingly, in post
 
 -Romero
 
 cases, the procedure outlined in
 
 Cortez
 
 would be followed. This would require the defendant, probably unrepresented by counsel, to file a petition in the sentencing court, which would then examine the record to find whether a prima facie case was established. Unless summarily denied, the petition would require a hearing at which new counsel would be required for the defendant. The court hearing the petition, whether or not presided over by the same judge who imposed sentence, would be required to set aside the judgment and resentence if neither of the two circumstances described in footnote 13 were found to exist. In a case already before the appellate court, the same determination could be made from the same record.
 

 Even though it appears the trial judge’s understanding of his or her sentencing discretion at the time of sentencing presents only a simple question, whether by remand or habeas corpus petition, the Supreme Court has not expressly modified the procedures to be employed to obtain an expression of that understanding in an otherwise silent record. The procedure
 
 *1137
 
 for summary denial of the habeas corpus petition described in footnote 13 does not indicate the judge hearing the habeas corpus petition may simply amend the record to state his or her understanding of a section 1385(a) dismissal at the time of the original sentence, even presuming the same judge imposed the original sentence. Even if we were willing to thus shortcut the habeas corpus procedure without express direction from the Supreme Court, “summary amendment” of the record would be impossible in circumstances where the original sentencing judge is not available to hear the habeas corpus petition.
 

 Remand eliminates the need to institute a new proceeding in the trial court and also eliminates any need for the sentencing court to preliminarily determine from its own record whether the defendant was sentenced within the applicable time period and whether the sentence was the product of a prior serious felony conviction. Upon remand the appellate court would have already made these determinations. We conclude the two instances described in
 
 Romero
 
 in which the “petition” might be summarily denied, were also intended by the Supreme Court to form the basis of the examination of the record by a Court of Appeal where the question is presented. We agree with the courts in
 
 Mosley
 
 and
 
 Houck
 
 that
 
 Romero
 
 represents an exception to the usual presumption of regularity in the sentencing judgment of the trial courts.
 

 In this case, defense counsel moved the court to dismiss prior felony convictions under the authority of a recent opinion of the appellate court with jurisdiction over the sentencing court. As noted above, prior to the Supreme Court opinion in
 
 Romero, People
 
 v.
 
 Casillas, supra,
 
 49 Cal.App.4th 1837, represented the single appellate opinion holding the legislative version of the three strikes law did not limit the trial court’s authority to dismiss an allegation of a prior felony conviction.
 
 Casillas
 
 was the express basis of defense counsel’s motions to strike in this case. The trial court responded: “I am familiar with it
 
 [Casillas].
 
 I am going to deny the motions to strike.” Although this is not a silent record, because it shows the trial court was at least aware of authority from its own district Court of Appeal supporting i'ts authority to grant the motions, it does not fit within either of the exceptions, provided by
 
 Romero,
 
 which would permit summary denial of the right to a further hearing. The trial court’s ambiguous comment does not allow us to presume the judge believed he possessed discretion under section 1385(a) because it does not indicate whether he was rejecting the numerous published opinions which existed at the time of sentencing and, in reliance on
 
 Casillas,
 
 believed he had discretion which he then refused to exercise or, alternatively, whether he rejected
 
 Casillas
 
 in favor of the greater authority elsewhere and believed he did not have authority to dismiss the prior allegations. Either interpretation is reasonable. We will not further hamper
 
 *1138
 
 the trial courts by attempting to discern whether a single opinion from the appellate district within which the trial court resides may outweigh more numerous opinions from outside the trial court’s district, as well as a conflicting minority opinion in the same district. Obviously, the important distinction is not the number of opinions on either side of a question, but rather the more convincing force of the reasoning employed in reaching the countervailing views.
 

 It is impossible to determine from this record whether the court believed it had discretion to strike prior serious felony allegations without the prosecutor’s concurrence or whether it would have done so if it did believe it had such authority. Accordingly, we remand this case directly to the sentencing court with directions to decide whether it wishes to exercise its discretionary authority to strike the prior felony conviction allegations. In all other respects the judgment is affirmed.
 

 Kline, P. J., and Ruvolo, J., concurred.
 

 Respondent’s petition for review by the Supreme Court was denied June 11, 1997.
 

 [1]
 

 We are reminded of the potential mischief and actual confusion sown by footnotes which are often either tangential, such as this one, or raise points which deserve elaboration within the body of the opinion to which they are appended.
 

 *
 

 See footnote,
 
 ante,
 
 page 1127.
 

 [2]
 

 See footnote 1,
 
 ante.