[No. B102704. Second Dist., Div. Seven. Nov. 10, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
DARRELL QUARD BANKS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published are the first three introductory paragraphs, issue 7 of the Discussion portion, and the Disposition.

## COUNSEL

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Steven D. Matthews and Anh T. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

WOODS, J.—A jury convicted appellant of attempted first degree residential burglary (Pen. Code, §§ 664/459, count I; statutory references, unless otherwise indicated, are to the Penal Code) and first degree residential burglary (§ 459, count II). In a bifurcated proceeding the trial court found true allegations appellant had five felony convictions that were "strikes" (§ 667, subds. (b)-(i)) and serious felonies (§ 667, subd. (a)(1)), and three felony convictions that were state prison priors (§ 667.5, subd. (b)). Appellant was sentenced to prison for 75 years to life.

Appellant contends the trial court committed instructional and sentencing errors and erroneously believed it lacked discretion to dismiss a strike. Appellant also contends he was denied effective assistance of counsel.

We find all but appellant's *"Romero* remand" *(People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]) contention without merit. We affirm the judgment but remand the matter to the trial court pursuant to *Romero.*

### FACTUAL BACKGROUND*

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

### DISCUSSION

1.-6.*

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

---

*See footnote, *ante,* page 20.

7. *Appellant contends a* Romero *remand is required.*

█ Before trial, appellant requested the trial court to exercise its discretion (§ 1385) and dismiss some or all of his strikes. The court (Superior Court Judge Bernard J. Kamins) stated it lacked the power to do so. At sentencing, which occurred prior to *People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th 497 the request was not renewed.

█ As *Romero* made clear, "A defendant serving a sentence under the Three Strikes law . . . imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations . . . may raise the issue on appeal . . . ." (13 Cal.4th at p. 530, fn. 13.)

█ Although the trial court misunderstood the scope of its discretion, the Attorney General argues remand is unnecessary because it would be an abuse of discretion for the trial court to dismiss appellant's strikes. (*People* v. *Askey* (1996) 49 Cal.App.4th 381, 389 [56 Cal.Rptr.2d 782]; *People* v. *DeGuzman* (1996) 49 Cal.App.4th 1049, 1054-1055 [57 Cal.Rptr.2d 577].) The Attorney General relies upon appellant's "extensive criminal history [which] spans 25 years and involves 10 felonies and 7 misdemeanors." Since a trial court's discretion is "limited" (*People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th 497, 530) and appellant's felony convictions are numerous, the Attorney General's argument must be seriously considered.

Clearly, a trial court may exceed its limited discretion if it dismisses a strike " 'to accommodate judicial convenience or because of court congestion' " (*People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th at p. 531) or because a defendant has pleaded guilty. (*Ibid.*) Similarly, it would exceed its discretion "if 'guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant . . . .' " (*Ibid.*) Nor do we doubt discretion may be exceeded when a defendant's instant crime is horrific and/or his past crimes were violent and life threatening.

As a reviewing court, our difficulty is we have little to review. The trial court, because it believed it lacked power to dismiss a strike, did not consider whether a strike dismissal would be "in furtherance of justice." (§ 1385.)

Considering the 75-year-to-life sentence for this 43-year-old defendant, we believe *Romero* requires a remand hearing where appellant, represented by counsel, will have an opportunity to persuade the trial court to exercise its limited dismissal discretion. (§ 1385.) Should the trial court exercise its discretion and the Attorney General appeal that exercise, we would review that exercise for an abuse of discretion.

We believe it inappropriate, on this record, to prejudge the matter. The trial court should first decide whether the circumstances of the instant offenses (no entry and no damage to the Goldstein residence; only a few small items taken from the Seidenschnur residence), the absence of violence or the threat of violence, appellant's age, the nature of appellant's previous offenses, appellant's willingness to undergo psychotherapy and drug counseling, appellant's computer skills, and all other relevant considerations justify dismissal of one or more strikes. (See generally, *People* v. *Bishop* (1997) 56 Cal.App.4th 1245 [66 Cal.Rptr.2d 347].) We express no view whether the trial court should or should not dismiss a strike.

### DISPOSITION

The judgment is affirmed and the matter is remanded to the trial court for a *Romero* hearing.

Lillie, P. J., and Neal, J., concurred.

The petition of both appellant and respondent for review by the Supreme Court was denied February 25, 1998.